SOUTHERN PACIFIC COMPANY et al.,
Appellants,

v.

BROTHERHOOD OF LOCOMOTIVE
FIREMEN AND ENGINEMEN,
Appellee.

No. 20378.

United States Court of Appeals
District of Columbia Circuit.

Argued Sept. 14, 1967.

Decided Oct. 6, 1967.

Rehearing Denied Dec. 15, 1967.

Certiorari Denied May 20, 1968.
See 88 S.Ct. 1803.

Mr. Francis M. Shea, Washington, D. C., with whom Messrs. Richard T. Conway, Ralph J. Moore, Jr. and David W. Miller, Washington, D. C., were on the brief, for appellants.

Mr. Milton Kramer, Washington, D. C., for appellee.

Before WRIGHT, TAMM and LEVEN-THAL, Circuit Judges.

## PER CURIAM:

In prior proceedings the District Court enjoined the Brotherhood of Locomotive Firemen and Enginemen from striking over any dispute about the meaning or application of the award of Arbitration Board No. 282.[1] In re Certain Carriers, etc., D.D.C., 229 F.Supp. 259 (1964). In its order the court reserved jurisdiction for any of the parties "to apply to this Court at any time for such further orders as may be necessary or appropriate for the construction, carrying out or enforcement of this order or of the judgment heretofore entered in this proceeding upon the Award by Arbitration Board No. 282, or any legal obligation resulting therefrom."

The court, in explaining its order, stated: "If the railroads take any step in carrying out the award which later turns out to be erroneous, any employee who has been damaged in the meantime must receive full restitution. There is no question that this would be the legal obligation of the railroads if such a situation arises." 229 F.Supp. at 260. The court further stated that if the railroads refused to comply with their obligations under the award the court "would compel them to comply." Id. at 261.

In the present proceeding before the District Court, the union sought redress on behalf of certain employees of the railroads for injuries resulting from alleged violations and misapplications of the award of Arbitration Board No. 282. The railroads challenged the jurisdiction of the court to grant relief on the ground that these claims of alleged violations of the award must be processed pursuant to the procedures of Section 3 of the Railway Labor Act. 45 U.S.C. § 153 (1964).

██ We agree with the District Court. That court sustained the award of Arbitration Board No. 282.[2] The award provides benefits and obligations on both sides in this labor dispute. On the petition of the railroads the court has enforced the award against the union. In re Certain Carriers, etc., supra. It likewise has jurisdiction to enforce the award against the railroads. The railroads, like the unions, are subject to the court's power to enforce its own decrees.

1. Arbitration Board No. 282 was convened pursuant to Public Law 88–108, 77 STAT. 132 (1963), 45 U.S.C. § 157 (1964), which provided for compulsory arbitration of a then pending labor dispute between the railroads and the unions. For the complete background of this litigation see Brotherhood of Locomotive Firemen & Enginemen v. Chicago, Burlington & Quincy R. Co., D.D.C., 225 F.Supp. 11, affirmed, 118 U.S. App.D.C. 100, 331 F.2d 1020, cert. denied, 377 U.S. 918, 84 S.Ct. 1181, 12 L. Ed.2d 187 (1964).

2. See Brotherhood of Locomotive Firemen & Enginemen v. Chicago, Burlington & Quincy R. Co., supra Note 1.

The general power of an equity court to impose conditions on those who seek equitable relief exists where an injunction is sought to enforce the provisions of the Railway Labor Act. Brotherhood of Locomotive Engineers v. Missouri-Kansas-Texas R. Co., 363 U.S. 528, 80 S.Ct. 1326, 4 L.Ed.2d 1379 (1960). There the carriers sought an injunction to prevent a strike over a "minor" dispute concerning their power, despite the collective agreement, to change "run" lengths and thereby eliminate jobs. Although there is no right to strike over a minor dispute, the Court sanctioned the issuance of an injunction conditioned on the carriers' refraining from imposing their view of the contract until the Adjustment Board finally determined the matter.

If the District Court's decree had used the approach sanctioned in Brotherhood of Locomotive Engineers v. Missouri-Kansas-Texas R. Co., *supra*, and had conditioned the injunction on the carriers' refraining from acting under their view of Award 282 until disposition of the numerous specific disputes by either the Adjustment Board or Arbitration Board 282, this would have been a de facto suspension of Award 282 at variance with the spirit of the Act, which contemplated an immediate application of that award. Even assuming, but by no means deciding, that the carriers are right that these claims are minor disputes for which the contract provided a usual procedure within Section 3 of the Railway Labor Act,[3] the District Court did not abuse its discretion in establishing a condition that em-

ployees injured by misapplication of the award have available a judicial remedy, and do not have to wait years for Adjustment Board vindication.[4]

Affirmed.

## ORDER

On consideration of appellants' petition for rehearing, appellee's answer, and appellants' reply, it is

ORDERED by the Court that appellants' aforesaid petition is denied.

### PER CURIAM.

### MEMORANDUM

A petition for rehearing filed by appellant carriers contends that our opinion of October 6, 1967, is inconsistent in certain respects with our opinions of May 12, 1967, and July 31, 1967, in Brotherhood of Locomotive Firemen and Enginemen v. Bangor and Aroostook R. Co., 128 U.S.App.D.C. 59, 385 F.2d 581.

We provide this further analysis with full awareness that the terrain we traverse is so bumpy that we may be raising more dust than we settle, especially since issues can apparently be spun out *ad infinitum*.

The *Bangor and Aroostook* litigation was concerned with the period following the expiration of Award 282. This Court held that work rules established by Award 282 survived the expiration of that Award—a result sought by the carriers—on the theory that the substantive work rules established during the award's life (but not the procedures set up to modify work rules during the life of the Board) were "deemed to be incor-

---

3. The fact that a dispute is not a major dispute governed by § 6 of the Railway Labor Act, 45 U.S.C. § 156 (1964), does not necessarily mean that it is a minor dispute governed by § 3. *See* McGuinn, *Injunctive Powers of the Federal Courts in Cases Involving Disputes Under the Railway Labor Act*, 50 GEO. L.J. 46, 65–72 (1961); *compare* Brotherhood of Railroad Trainmen v. New York Central R. Co., 6 Cir., 246 F.2d 114, 117–119, *cert. denied*, 355 U.S. 877, 78 S.Ct. 140, 2 L.Ed.2d 107 (1957); *cf.* Order of Railroad Telegraphers v. Chicago & N. W. R. Co., 362 U.S. 330, 341, 80 S.Ct. 761, 4 L.Ed.2d 774 (1960).

4. The carriers did not appeal from the reservation of jurisdiction at the time the decree was entered. Assuming they did not lose their right to protest the condition—perhaps , because protest at the time of the decree would have been premature in view of the generality of the reservation as entered—we now determine that the condition as implemented was not an abuse of discretion.

porated into the prior agreements of the parties that themselves endure by virtue of the Railway Labor Act unless and until changed in accordance with that statute." 128 U.S.App.D.C. at 87, 385 F.2d at 609, (Supplemental Opinion July 31, 1967).

It does not necessarily follow, as the carriers suppose, that each and every contract provision established in former years by the parties to implement work rules settled purely by agreement were applicable with full vigor to implement the work rules provided by agreement as constructively enlarged to embrace work rules effectuated by Board 282.

We need not pursue that line of thought, for in the case of appellant Southern Pacific the lawsuit was not focused on the legal constructs applicable to the period following the expiration of the award. The underlying action was brought by the carriers during the lifetime of the award, to adhere to the award. The carriers cannot fairly contest the Court's authority to establish the condition under discussion; on their claim to require the union to refrain from action violating a duty resulting from the award they could not fairly contest jurisdiction to issue an injunction on a cross-claim to require carriers to abide by their duties under the Award.

Furthermore, there is sound equitable basis for omitting the claims-and-grievance procedure established in 1948 and 1949 agreements, even assuming its applicability. Concepts of exhaustion of remedies will not be pursued with remorseless logic, at least in situations not fairly contemplated when the remedies were established, when the consequence would contravene basic expectations of justice by mandating a futile or unduly protracted procedure. United Protective Workers of America v. Ford Motor Co., 194 F.2d 997, 10002 (7th Cir. 1952); United Protective Workers of America, Local No. 2 v. Ford

Motor Co., 223 F.2d 49, 51, 48 A.L.R.2d 1285 (7th Cir. 1955).

In this case the carriers are in effect urging that issues fully considered at pertinent top levels of management and labor are subject to an objection for failure to pursue remedies provided at lower levels even though the obvious purpose of those remedies was to winnow out the issues that need not come to the top.* Exhaustion under such circumstances would be a long circuit bypassing the practical and the just.

Petition for rehearing denied.

---

* Cf. Pharmaceutical Mfrs. Ass'n v. Gardner, 127 U.S.App.D.C. 103, 381 F.2d 271 (1967) (McGowan, J.).