SAMUEL, Judge.
This appeal involves the right of six claimants to unemployment compensation benefits under LSA-R.S. 23:1471 et seq. during a temporary layoff by their employer, American Sugar Company. The employer challenges payment on the theory all received wages during the layoff period by virtue of a labor agreement under which it was required to pay a guaranteed annual wage to each claimant.
The separate claims, filed initially with the Louisiana Division of Employment Security, were consolidated for hearing at the administrative level, and later for review at the judicial level, because the material facts and issues of law are the same. After all quasi judicial proceedings were completed, a determination was made that all claimants were eligible for benefits. The employer then petitioned for judicial review under LSA-R.S. 23:1634 and the trial court affirmed. The employer has filed this appeal from that judgment.
The facts are not disputed. During December and January, 1966 and 1967 claimants, all long time employees of American Sugar, were part of a reduction in force due to lack of work. Having been represented for purposes of collective bargaining by United Packinghouse Food and Allied Workers, AFL-CIO, Local Union No. 1101, claimants were governed by a contract between their union and management effective February 1, 1964 through February 1, 1967. Thus payment of unemployment compensation benefits herein contested cover periods during which this contract was in effect. It is the employer’s position that Article VII of the agreement, providing for a guaranteed annual wage to each worker, precludes the claims for unemployment compensation benefits during the layoff period.
The purpose of Article VII is to provide the employee with a minimum income and to insure to the employer a trained work force when it is in production. It requires the employer to offer work to each employee for a minimum of 2040 hours annually. As it provides the employer cannot receive credit of more than 40 hours per week against this total, the employee effectively is guaranteed 51 weeks of full employment (2040 divided by 40). If the employer does not offer work for the minimum number of hours, it is required to pay the employee the difference between what he actually earned and the amount he would have earned had he worked 2040 hours.
In the instant cases the claimants were not offered work for the full 2040 hours. Ultimately they did receive payments under the guaranteed annual wage clause for the contract year in question. The payments were made in one lump sum approximately one month after the expiration of the contract year. A company representative testified computations of what is due can only be made at the end of the contract year and it takes approximately one month to calculate payments due and issue checks therefor.
One of the conditions imposed on the employee to be eligible for the lump sum payment under this clause is that, in the event of a layoff, while he is permitted to *417 obtain other employment, he must return to his job with American Sugar within five days of the time he is notified to do so. Otherwise, under the contract, he is considered to have voluntarily terminated his employment.
Based on these facts the Louisiana Board of Review determined claimants were unemployed within the purview of the Louisiana Employment Security Act and thus entitled to benefits because they performed no services during the weeks in question with respect to which wages were payable to them. The decision further pointed out that benefits under the guaranteed annual wage clause was an annual payment of a wage that could not be applied to any specified week.
Whether claimants are entitled to unemployment compensation benefits in the instant cases hinges on an interpretation of the following definitions contained in the Louisiana Employment Security Act:
“As used in this Chapter, the following terms shall have the meaning ascribed to them in this Section, unless the context clearly indicates otherwise:
******
(19) ‘Unemployment’ — An individual shall be deemed to be ‘unemployed’ in any week during which he performs no services and with respect to which no wages are payable to him, * * *.
(20) (A) ‘Wages’ means all remuneration for services, * * *.
(21) ‘Week’ means such period of 7 consecutive days, as the administrator may by regulation prescribe. * * * ” LSA-R.S. 23:1472.'
In interpreting these provisions we are mindful of the purposes of the act and the guidelines set forth therein to accomplish the legislative intent. The intent is to maintain the stability of the state and the family by assuring through weekly benefits the continued purchasing power of a worker during periods of unemployment. LSA-R.S. 23:1471; Robertson v. Brown, La.App., 139 So.2d 226; Turner v. Brown, La.App., 134 So.2d 384.
 It is not disputed that the lump sum payments under the guaranteed annual wage clause is “wages” within the definition of LSA-R.S. 23:1472(20) (A). Further, the litigants agree two conditions must concur if a claimant is to be deemed unemployed under LSA-R.S. 23:1472(19): the employee performs no service for his employer during the week in question and no wages have been paid with respect to that week.
The employer argues all claimants did perform a service during the layoff period by keeping themselves available to return to work if recalled and, further, they were paid for keeping themselves available when they received the lump sum payment under the guaranteed annual wage agreement. Although no funds were received by claimants during the layoff period, the employer urges it is simply an accounting problem to apportion the lump sum payment retroactively to the weeks of the layoff. To support this position, appellant cites Social Security Board v. Nierotko, 327 U.S. 358, 66 S.Ct. 637, 90 L.Ed.2d 718.
In that case plaintiff had been awarded “back pay” for a two and one-half year period on a finding he had been wrongfully discharged from his position in violation of a provision of the National Labor Relations Act. The Social Security Board refused to credit the sum of back pay to his Old Age and Survivors Insurance account. In ordering the Board to comply, the Court reached these conclusions: (1) Nierotko’s back pay was “wages” even though he did not report for work; and (2) the lump sum payment could be apportioned retroactively over the period between his discharge and reinstatement despite a provision in the Social Security Act basing eligibility for participation on payments received within each calendar quarter.
*418 At first glance it would appear Nierotko is authority for concluding the claimants in the instant cases did receive wages for services performed during the layoff period because the guaranteed annual wage payment could be apportioned to the weeks for which the claim is made. However, in Nierotko the Court noted the result was reached to accomplish a stated Congressional purpose in the Social Security Act to afford the broadest coverage possible. In the instant case we too are charged with reaching a result consistent with the stated purposes of the act. Thus, were we to conclude that claimants’ availability to return to work during the layoff was a “service performed” or that the lump sum guaranteed annual wage payment could be construed as “wages” paid for the weeks of layoff, we would lend an interpretation to LSA-R.S. 23:1472(19) that would defeat the stated intent of the Louisiana Employment Security law; the continued purchasing power of the worker during periods of unemployment would not be assured by the payment of weekly benefits during those periods.
Availability to return to work during a layoff is not, as urged by appellant, a service performed by the employees in the instant case. A reduction in work force might lay employees off for a period from one day to six months or longer. Were we to conclude availability to work was a service performed, this interpretation would defeat claims of a large segment of employees the act was designed to cover. The unemployment benefits are needed during layoffs to maintain the buying power of the family.
We cannot conclude a lump sum payment under the guaranteed annual wage provision of the labor contract can be treated as wages paid for the weeks of the layoff. While from an accounting standpoint it is possible to do so, such a result would do violence to the act. Because the lump sum payment is not due until one month after the contract year ends, the employee who is laid off must subsist m the meantime.
Finally, appellant relies on this court’s decision in American Sugar Company v. Brown, La.App., 193 So.2d 326, as authority for denying claimants the benefits applied for. In that case, after the plant was heavily damaged by an explosion employees were given the option to take vacation pay and retirement preparation leave pay while the plant was being repaired and rebuilt, in lieu of being laid off. We held that while employees were receiving either form of compensation from the company, they were not eligible for unemployment compensation benefits. That case however is distinguishable. Not only was it immediately determinable which week the wages were applied to, but also the employees received immediate payment during the periods they were not working.
For the reasons assigned, the judgments appealed from are affirmed.
Affirmed.