LEMMON, Judge.
Is a claim for overtime wages due to a radio newscaster-announcer under a two-year written contract for personal services subject to the one-year prescriptive period of C.C. art. 3534? The trial court answered affirmatively, apparently accepting defendant’s argument plaintiff was a workman, and limited plaintiff’s claim to wages due within one year of filing of the suit.[1] Plaintiff has appealed.
I
C.C. art. 3534 provides:
“The following actions are prescribed by one year:
* * * * * *
“That of workmen, laborers and servants, for the payment of their wages. * *”
However, C.C. art. 3538 provides:
“The following actions are prescribed by three years:
* * * * * *
“That for the salaries of overseers, clerks, secretaries, and of teachers of the sciences who give lessons by the year or quarter. * * *”
The various civil codes were written during the time of plantation-oriented economy. The article in the Civil Code of 1808 corresponding to C.C. art. 3534 referred to claims of “workmen and day laborers for the payment of their days works and of the materials by them furnished; and for that of the domestics which let their services by the year”.[2] Significantly, the redactors of the Civil Code of 1825 saw fit to provide a longer prescriptive period for the salary claims of persons who held positions of greater responsibility or who worked under longer contracts.
In 5 Civil Law Translations, Baudry-Lacantinerie & Tissier, Prescription ¶ 716, 723 (La.St.L.Inst.Trans.1972) it was noted as to the Code Napoleon’s prescriptive provision for a worker’s wages:
“(T)he prescription by six months covers workers and employees with regard to the payment of their wages, furnishing and salaries. The term ‘ouvriers et gens de travail’ obviously includes those who offer their services by the day, by a determined task, by the piece, without regard to whether they have the title of foremen, chiefs of shop, or similar.
“The terms of Art. 2271 also include craftsmen ; ordinarily they do small jobs; for this reason they are subject to our short prescription.
“But it is not possible to consider store attendants as workmen. One can say more generally that all workers or employees paid by the month fall within the scope of Art. 2277, not of Art. 2271. Consequently, they are prescribed against by five years.” (Footnotes omitted here and elsewhere) (¶ 716)
and for a servant’s wages:
“Art. 2272 envisages servants. This term includes all those persons who are, for salary, attached to the person of their master and to the service of his house. Such are: cooks, doorkeepers, valets, chauffeurs [orig.: coachmen]. Not in- *327 eluded in this category are: clerks, house stewards, tutors, librarians, secretaries. They are all subject to the five-year prescription, if paid by the year or by shorter periods (Art. 2277); if their salary is in the form of a lump sum, the prescription is by thirty years.
“Art. 2272 envisages only domestic help hired by the year. It seems to us that it should be extended to those hired by the month, but not by a shorter period.” (¶ 723)
These comments suggest the underlying scheme was apparently to provide shorter prescriptive periods for employment contracts of relatively short duration. And another comment notes a different category for “servants hired by the year”, differentiating “service personnel which belongs among the free professions, such as tutors, secretaries, salesmen and clerks”, who had a longer prescriptive period. 5 Civil Law Translations, Aubry & Rau, Droit Civil Francais § 774 [38] La.St.L.Inst.Trans.1972). But as to workers the same comment noted (§ 774 [43]) that the same prescriptive period applied to all workers and salaried employees, including those in free professions and even those who are paid by the month, the week or the hour, the type of work being irrelevant.
II
In more recent times this court in Tillman v. New Orleans Saints Football Club, 265 So.2d 284 (La.App. 4th Cir. 1972) held that C.C. art. 3534 did not apply to a claim for wages under a one-year written contract for personal services by a professional football player. And in Scallan v. Mark Petroleum Co., 303 So.2d 498 (La.App. 2nd Cir. 1974), cert. den. 307 So.2d 370 on basis of “no’ error of law”, the court held the one-year prescriptive article inapplicable to the wage claim of an oil company’s salesman under a written employment contract providing for a monthly salary plus bonuses.
Other decisions have followed various paths of unsure footing, some refusing to apply the short prescriptive period based on reasoning or analogy and some applying it without comment, apparently assuming that C.C. art. 3534 applies to all claims for wages. These cases simply do not provide any concensus which would control the decision or rationale of this case.
III
The prescriptive period for wage and salary claims obviously need legislative updating and clarification. Arguably the period should be short (in consideration of the availability of tough methods of enforcing payment of wages), and perhaps different periods could be established based on reasonable categories which meet equal protection requirements. However, these considerations are not presently before us.
We base our decision in the present case on the fact that plaintiff’s claim does not fall squarely within a special category listed in C.C. art. 3534. The general prescriptive article governing contracts is C.C. art. 3544, which provides a ten-year period. C.C. art. 3534, while providing an exception to the general rule governing contracts, does not purport to provide a general rule governing claims for wages. Other special rules provide other prescriptive periods for other particular kinds of wage earners. These special exceptions should be strictly construed, and when such an exception is not expressly and clearly applicable to a particular claim, the exception should yield to the general rule.
In this case we hold the radio newsman working under a written two-year contract to provide “his artistic and technical talents” was not a workman or servant as contemplated by C.C. art. 3534, and the general prescriptive rule applicable to contracts applies to his claim for wages.
Accordingly, the judgment of the trial court maintaining the exception of prescription is reversed and the exception is overruled. The judgment is further amended to increase the amount of the award to $4,046.25. Costs of this appeal are assessed against defendant.

REVERSED IN PART, AMENDED AND AFFIRMED IN PART.

. Defendant contended in the trial court that no overtime at all was due under the contract and appealed from the judgment which awarded such wages due within a year of the suit. In this court defendant abandoned its appeal and limited the issue in plaintiffs appeal to that of prescription.

. In the Code Napoleon the prescriptive period for workmen and day laborers was six months and for “domestic servants, who hire out for the year” was one year.