LOTTINGER, Judge.
This is a suit by Donnie D. Mire seeking judicial review of a refusal by the Ormet Corporation to grant plaintiff a disability pension under a private pension plan. From a judgment maintaining defendant’s peremptory exception of prescription, plaintiff has appealed. Defendant has answered the appeal as to the denial of its declinatory exception of lack of jurisdiction over the subject matter.
Mr. Mire worked for Ormet Corporation, defendant-appellee, as a “press floor crane-man” in excess of ten years. On October 29, 1973 appellant left his employment on sick leave. Appellant remained on sick leave until October 9, 1975 when he applied for a disability pension.
Mr. Mire’s application for disability pension benefits was denied on December 11, 1975.' Under Section VII-Appeal Procedure, of the Ormet Pension Plan, the United Steel Workers of America, Local Union 14465 of which Mire is a member, challenged the denial of Mire’s application and selected their physician on December 22, 1975. In compliance with Section VII, the union’s physician and the corporation’s physician selected a third neutral physician, Dr. David Wall. On February 20, 1976 Dr. Wall rendered an extensive report to the medical department of Ormet Corporation. Apparently based on that report, Mire’s appeal of the denial of his application for disability pension benefits was denied. The letter denying the appeal is dated March 26, 1976. Appellant filed suit March 23, 1978.
EXCEPTION OF PRESCRIPTION
In support of its exception defendant argues that a disability pension is with *1210 in the meaning of the term wages for purposes of La.C.C. art. 3534 which in part provides:
“The following actions are prescribed by one year:

******

‘That of workmen, laborers and servants for the payment of their wages. *
In contending that a disability pension should be treated as wages defendant argues that a pension, like hourly wages, is not a gratuity but is earned income, T. L. James & Co., Inc. v. Montgomery, 332 So.2d 834 (La.1975); a pension is commonly regarded as deferred wages, Daniel v. International Brotherhood of Teamsters, Etc., 410 F.Supp. 541 (N.D.Ill.1976) affirmed 561 F.2d 1223 (7th Cir. 1977); payments due in pregnancy-related absences are benefits under health and temporary disability insurance or sick leave plans, and both sides agreed La.C.C. art. 3534 applied, Wilhite v. South Central Bell Tel. & Tel. Co., 426 F.Supp. 61 (E.D.La.1976); claim for overtime compensation and liquidated damages under the Federal Wage and Hour law was a claim for wages barred by one year prescriptive period of La.C.C. art. 3534, Johnson v. Anderson-Dunham Concrete Co., 212 La. 276, 31 So.2d 797 (1947); and that article 3534 applies to claims for “change of clothes time” under the Federal Wage and Hour law, Hitzman v. Ethyl Corporation, 42 So.2d 155 (La.App. 1st Cir. 1949). Additionally, defendant cites Stell v. Caylor, 223 So.2d 423 (La.App. 3rd Cir. 1969) writ refused 254 La. 778, 226 So.2d 770 (1969) where in construing La.R.S. 23:631 the court said “the term ‘wages’ has been interpreted to include all types of remuneration for personal services, such as salaries, commissions, bonuses, expense allowances for which the employee does not have to account, paid vacations, etc.” See also St. Paul Fire & Marine Insurance Co. v. Richard, 208 So.2d 35 (La.App. 3rd Cir. 1967) writ denied 252 La. 171, 210 So.2d 54 (1968) where the court said that wages do not have to be paid in cash, and American Sugar Company v. Doy-al, 237 So.2d 415 (La.App. 4th Cir. 1970) holding that wages are “all remuneration for services.”
The gravamen of plaintiff’s argument is that the provisions of the present Civil Code article 3534 dealing with wages can be traced back as far as the Code Napoleon of 1804, and thus it is unrealistic to contend that the redactors of our code intended wages to include disability pensions or benefits.
We are ever mindful that statutes of prescription must be strictly construed. Guillot v. Guillot, 346 So.2d 813 (La.App. 1st Cir. 1977).
Excepting for Wilhite v. South Central Bell Tel. & Tel. Co., supra, and Johnson v. Anderson-Dunham Concrete Co., Inc., supra, the cases cited by defendant do not construe La.C.C. art. 3534 so as to enlarge the normal meaning and understanding of the term wages. Without the constraints of the strict construction rules applicable to prescription, the term wages can be easily broadened so as to encompass more than mere salary.
In the Wilhite ease overtime compensation does not strain ones imagination as to whether this should be considered as a wage. There is an understandable relationship between the number of hours an individual works and the amount he is paid. The same is true in Johnson v. Anderson, supra, where the employer required employees to report to work early so as to change clothes. This extra time benefited the employer, and not the employee.
The theory of stricti juris would require that if there is any doubt as to whether disability benefits are to be included within the term wages as found in La.C.C. art. 3534, such doubt must be resolved in favor of plaintiff. Needless to say, this court has grave reservations as to whether disability benefits were ever intended to be included within the term wages as found in article 3534, and thus we find this article not applicable. The general prescriptive article governing contracts is La.C.C. art. 3544, which provides a ten year period.
*1211 EXCEPTION OF JURISDICTION
La.C.C.P. art. 1 provides:
“Jurisdiction is the legal power and authority of a court to hear and determine an action or proceeding involving the legal relations of the parties, and to grant the relief to which they are entitled.”
La.C.C.P. art. 2 provides:
“Jurisdiction over the subject matter is the legal power and authority of a court to hear and determine a particular class of actions or proceedings, based upon the object of the demand, the amount in dispute, or the value of the right asserted.”
Defendant in answering the appeal and reasserting its exception of jurisdiction over the subject matter argues that by contract the parties agreed to an appeal procedure, which was utilized, and thus the courts of this state do not have jurisdiction. The defendant further argues that in the absence of fraud or bad faith, such grants of discretionary authority are effective and binding upon persons claiming benefits and the decision of the designated authority is not reviewable, citing Menke v. Thompson, 140 F.2d 786 (8th Cir. 1944) and 60 Am. Jur.2d “Pension and Retirement Funds” § 77 (1972). We generally agree with this statement; however, we feel that defendant has relied upon the wrong exception. Taking the defendant’s exception to its ultimate end, this court would not have jurisdiction over the subject matter to even entertain suits where fraud or bad faith is alleged. Further, we are of the opinion that absent legislative authority, it is against the public policy of this state for such contractual provisions to be so interpreted as to deny access to the courts.
Therefore, for the above and foregoing reasons the judgment of the trial court is affirmed insofar as it overruled the exception of lack of subject matter jurisdiction, and it is reversed insofar as it maintained the exception of prescription; and this case is remanded to the trial court for further proceedings not inconsistent with the views expressed herein. All costs of this proceeding are to be paid by defendant-appellee.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.