CARPENTERS LOCAL UNION NO. 1846 OF the UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA, AFL–CIO, et al.

v.

PRATT–FARNSWORTH, INC., et al.

Civ. A. No. 80–1570.

United States District Court, E.D. Louisiana.

Dec. 6, 1984.

See also 609 F.Supp. 1299.

---

Marie Healey, Gardner, Robein & Healey, Metairie, La., for plaintiff.

James D. Carriere, Kullman, Inman, Bee & Downing, New Orleans, La., for defendants.

## MEMORANDUM OPINION

MENTZ, District Judge.

Pending before this Court are two motions, one of defendant, Pratt-Farnsworth, Inc., and one of defendant, Halmar, Inc., for summary judgment on the ground that plaintiff's claims have prescribed by the applicable statute of limitations and thus the suit must be dismissed. The above-captioned action is brought under Section 301 of the Labor Management Relations Act of 1947 by the carpenters unions against two employers for damages arising from an alleged breach of the collective bargaining agreement.

Generally, the timeliness of a § 301 suit is to be determined, as a matter of federal law, "by reference to the appropriate state statute of limitations." *International Union, United Automobile Aerospace and Agricultural Workers of America (UAW), AFL–CIO v. Hoosier Cardinal Corp.*, 383 U.S. 696, 86 S.Ct. 1107, 16 L.Ed.2d 192 (1966). In straightforward breach of contract actions, as we have in this action, the appropriate state

statute of limitations should apply. *Del Costello v. International Brotherhood of Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983).[1] Here, the Court is obligated to use the prescriptive period applicable to breach of written contracts as it is the "most appropriate" statute in this situation. The defendants argue that the Louisiana one-year prescriptive article § 3534[2] is applicable in this case since it involves the unions seeking recovery of wage differentials for its members *Mine v. Ormet Corp.*, 371 So.2d 1209 (La.App. 1st Cir.1979). However, the plaintiffs' complaint lists four different demands they have made as a result of the defendants' alleged breach of the terms and conditions of the collective bargaining agreement. The plaintiffs are seeking (1) declaratory and injunctive relief; (2) all sums due as fringe benefit contributions; (3) all lost working dues; and (4) all sums due as wage differentials. The plaintiffs thus argue that the Louisiana ten year prescriptive article 3544[3] is applicable since this action is a straightforward breach of contract suit. Although this action is predominantly characterized as a breach of contract action, Louisiana law provides one or three year prescriptive periods for certain specified actions. Therefore, this Court will analyze each claim made by the plaintiffs to see whether the one year, three year or ten year prescriptive article applies.

■ The plaintiffs claim they are entitled to a Declaratory Judgment that both defendants are obligated in contract to the plaintiff unions and an injunction prohibiting the defendants from failing to abide by all the terms and conditions of the collective bargaining agreements. Louisiana case law clearly states that the residuary prescriptive period of ten years controls the claims for declaratory and injunctive relief. La.Civil Code Article 3544; *Hines v. Olinkraft, Inc.*, 413 F.Supp. 1360, 1364 (W.D. La.1976); *See also Boudreaux v. Baton Rouge Marine Contracting Co.*, 437 F.2d 1011, 1017 at n. 16 (5th Cir.1971); *Johnson v. Goodyear Tire & Rubber Co.*, 491 F.2d 1364, 1378 at n. 48 (5th Cir.1974); *Smith v. Olin Kraft, Inc.*, 404 F.Supp. 1360 (W.D. La.1975). Thus, this claim is not time barred.

■ The plaintiffs also claim that the defendants have caused damage to the Fringe Benefit Funds by their failure to pay contributions as agreed to under the terms of the collective bargaining agreement. A fringe benefit fund is analogous to a pension plan fund and should be treated similarly. Thus, under Louisiana law, a suit to recover pension [fringe] benefits is not an action for wages; it is a personal action, subject to the prescriptive period of ten years. *State ex rel Spann v. Board of Trustees of Police Pension Fund*, 283 So.2d 294 (La.App. 4th Cir.1973); *Mire v. Ormet Corp.*, 371 So.2d 1209 (La.App. 1st Cir.1979); *Forrest Bugher et al v. Monk T. Salley, d/b/a Salley Transport Co., Civil Action No. 76–0627*, (W.D.La.1978); *Reese v. Lynn's Construction, Inc., Civil Action No. 78–442-B* (M.D.La.1981). Therefore, this claim has not prescribed.

■ Plaintiffs' third claim is for lost union working dues. The Fifth Circuit has held that the Louisiana ten year prescriptive article 3544 governs suits to recover dues. *Dantagnan v. I.L.A. Local 1418, AFL–CIO*, 496 F.2d 400 (5th Cir.1974). Again, this claim of plaintiffs has been timely filed.

As to the wage differential claim, it is not so clear cut as the aforementioned

---

1. For a complete discussion of when the federal six-month statute of limitations is applicable, see page 1305 of the companion memorandum opinion entered on the same date as this opinion. 609 F.Supp. 1299 (D.C.La.1985).

2. Art. 3534. Actions prescribed by one year
The following actions are prescribed by one year:

. . . . .

That of workmen, laborers and servants, for the payment of their wages.
. . . .

3. Art. 3544. Personal actions, general rule
In general, all personal actions, except those before enumerated, are prescribed by ten years.

claims which Louisiana statute of limitations applies. The prescription period of one year applies to claims by workmen for wages and back pay. La.Civil Code Art. 3534; *Devillier v. City of Opelousas,* 247 So.2d 412 (La.App. 3rd Cir.1971); *Hines v. Olinkraft, Inc., supra; Nabors v. N.L. R.B.,* 323 F.2d 686 (5th Cir.1963), *cert. denied,* 376 U.S. 911, 84 S.Ct. 666, 11 L.Ed.2d 609 (1964). However, there are a number of cases that apply the ten year prescriptive period to claims for wages due where the claimant is working under a written contract to provide certain services. *Salvatore v. Covenant Broadcasting Corp. of Louisiana,* 359 So.2d 325 (La.App. 4th Cir.), *writ denied* 362 So.2d 777 (La.1978) [Radio newsman]; *McCoy v. Tangipahoa Parish School Board,* 308 So.2d 382 (La. App. 1st Cir.) *writ denied* 310 So.2d 856 (La.1975), [School principal]; *Tillman v. New Orleans Saints Football Club,* 265 So.2d 284 (La.App. 4th Cir.1972), 57 A.L. R.3d 251, [Football player].[4] Although Louisiana Civil Code Article 3534 provides an exception to the general rule governing contracts (*See* Article 3544), it does not purport to provide a general rule governing claims for wages. This special exception should be strictly construed, and when such exception is not expressly and clearly applicable to a particular claim, the exception should yield to the general rule. *Salvatore,* 359 So.2d at 327.

In reviewing past civil codes for guidance, it is apparent that the term "workmen" includes craftsmen. 5 Civil Law Translations, Baudry-LaCantinerie & Tissier, Prescription ¶ 716 (La.St.L.Inst. Trans.1972); *Salvatore,* 359 So.2d at 326. Traditionally, carpenters have always been considered craftsmen, thus, they would meet the definition of "workmen" as contemplated by C.C. Art. 3534, and the special prescriptive rule applicable to workmen claims for wages would apply to any carpenter's claim for wages as well.

The next issue the Court must address is whether wage differentials constitute wages. Here, the defendant, Pratt-Farnsworth, is alleged to have breached its union collective bargaining agreement by failing or refusing to pay wage differentials. The term "wages" has been interpreted to include "all types of renumeration for personal services, such as salaries, commissions, bonuses, expense allowances for which the employee does not have to account, ...." *Mire,* 371 So.2d at 1210; *See also St. Paul Fire & Marine Insurance Co. v. Richard,* 208 So.2d 35 (La.App. 3rd Cir.1967), *writ denied* 252 La. 171, 210 So.2d 54 (La.1968); *American Sugar Company v. Doyal,* 237 So.2d 415 (La.App. 4th Cir.1970). In the case at bar, the plaintiffs are attempting to recover the difference between the amount the union workers were actually paid and the amount they should have been paid as bargained for in the collective agreement. The wage differentials, in essence, are part of the salary owed to the union workers as renumeration for services and, as such, should be treated as unpaid wages. Therefore, the special prescriptive period of La.Civil Code Art. 3534 is applicable to the wage claim in this case.

Effective January 1, 1984, La.Civil Code Art. 3534 was vacated and in its place La.Civil Code Art. 3494[5] was enacted. Article 3494 lengthens the period of time to file an action to recover salaries and wages to three years instead of one year. Thus,

---

4. The court is admittedly puzzled over the distinction between a football player under contract who has ten years to bring a suit for wages and a union worker who may only have one year to bring a suit for wages. It is obvious from reviewing the case law and the relevant prescriptive articles for wage and salary claims that the prescriptive articles need legislative updating and clarification. Yet, these considerations are not presently before us.

5. Art. 3494. Actions subject to a three year prescription

The following actions are subject to a liberative prescription of three years:

An action for recovery of compensation for services rendered, including payment of salaries, wages, commissions, tuition fees, professional fees, fees and emoluments of public officials, freight, passage, money, lodging and board;

. . . .

this Court must determine whether the former one year prescriptive period applies to this action filed in March of 1980 or the new three year prescriptive statute is applicable; in other words, is Louisiana Civil Code Article 3494 retroactive in its application.

■ It is well settled in Louisiana that statutes of prescription are procedural and remedial in nature and as such are generally accorded retroactive application in absence of language showing a contrary intention. LSA–R.S. 1:2. *Lott v. Haley,* 370 So.2d 521 (La.1979); *Fust v. Arnar-Stone Laboratories, Inc.,* 736 F.2d 1098 (5th Cir. 1984). This jurisprudential rule is subject to the exception that procedural and remedial laws are not accorded effect where such retroactivity would operate unconstitutionally to disturb vested rights. *Lott, supra; Orleans Parish School Board v. Pittman Construction Co.,* 261 La. 665, 260 So.2d 661 (1972). Here, the 1984 statute extending the prescriptive period from one to three years does not disturb or eliminate the vested rights of those affected by the act to assert their rights. Usually, the only time the court *might* find vested rights disturbed or eliminated is in the situation where a newly-created statute of limitation or one which *shortens* the existing periods of limitation is enacted which violates the constitutional prohibition against divesting a vested right. Article 3494 *extends* not shortens the period of time that the plaintiffs can sue for wage differentials. Moreover, the new statute does not forbid it being retroactively applied. Therefore, the three year prescriptive period is applicable to the case at bar.

■ The collective bargaining agreement is currently in existence and as such, a cause of action for payment of wages exists. Thus, the final issue that this Court needs to resolve is whether the plaintiffs filed their wage claim within the three year prescriptive period. Liberative prescription commences to run from the day a cause of action arises and its judicial enforcement is possible. *See* La.Civil Code Article 3495 [6], *See also* 2M. Planiol, Traite elementaire de droit civil 3 Pt. 2, at 358 (Louisiana State Law Institute trans. 1959).

■ Further, various circuit courts have held that prescription begins to run when the plaintiffs either were or should have been aware of the injury itself, not when the plaintiffs became aware of one of the injury's many manifestations. *See Benson v. General Motors Corp.,* 716 F.2d 862, 864 (11th Cir.1983); *Farr v. H.K. Porter Co., Inc.,* 727 F.2d 502, 505–06 (5th Cir.1984). Here, the earliest that the plaintiffs *may* have been aware of the injury to the unions was 1978 or 1979 when the plaintiffs started investigating "the operations" of the defendants; however, the Court need not make an exact determination since the filing of the suit in March 1980 clearly falls within the three year prescriptive period for wage claims and the ten year prescriptive period for breach of contract and specific performance claims. Therefore, the plaintiffs have filed their wage claim timely.

It is clear to this Court that the plaintiffs' claims are not time barred and thus, the suit should be allowed to proceed to trial. Accordingly, defendants' motions for summary judgment are DENIED.

---

**6.** Art. 3495. Commencement and accrual of prescription

 This prescription commences to run from the day payment is exigible. It accrues as to past due payments even if there is a continuation of labor, supplied, or other services. Acts 1983, No. 173, § 1, eff. Jan. 1, 1984.