CARPENTERS LOCAL UNION NO. 1846 OF the UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA, AFL–CIO, et al.

v.

PRATT–FARNSWORTH, INC., et al.

Civ. A. No. 80–1570.

United States District Court, E.D. Louisiana.

Dec. 6, 1984.

See also, 609 F.Supp. 1302.

Marie Healey, Gardner, Robein & Healey, Metairie, La., for plaintiffs.

James D. Carriere, Kullman, Inman, Bee & Downing, New Orleans, La., for defendants.

## MEMORANDUM OPINION

MENTZ, District Judge.

Pratt-Farnsworth, Inc., a defendant in this case, has moved for summary judgment against the above-captioned plaintiffs. The mover asserts that it is entitled to summary judgment, contending that all claims under Section 301 of the Labor Management Relations Act should be dismissed because plaintiff unions have failed to first exhaust the grievance and arbitration provisions of the collective bargaining agreement.

■ The United States Supreme Court has steadfastly held that contract grievance procedures, i.e. arbitration, is the preferred method for settling labor disputes. *United Steelworkers v. Enterprise Wheel and Car Corporation*, 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960); *Republic Steel Corp. v. Maddox*, 379 U.S. 650, 85 S.Ct. 614, 13 L.Ed.2d 580 (1965); *Vaca v. Sipes*, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967). Generally, an employee is bound by the collective bargaining agreement's terms governing the enforcement of contractual rights and he must exhaust the contract's remedies before seeking a judicial remedy. *Republic Steel Corp., supra; Vaca, supra; Rabalais v. Dresser Industries, Inc.*, 566 F.2d 518 (5th Cir.1978). The duty to exhaust contractual remedies prior to bringing a Section 301 suit applies to unions as well. *National Post Office Mail Handlers Local No. 305,*

*LIUNA, AFL–CIO v. United States Postal Service,* 594 F.2d 988, 991 (4th Cir.1979). In the case at bar, the defendant claims that the unions have violated the exhaustion doctrine by their failure to exhaust the grievance and arbitration provision of the contract prior to their seeking a judicial remedy.

■ Usually for every general rule there is at least one exception and this is the case here. In fact, the Supreme Court has delineated three exceptions to the general rule that plaintiffs must exhaust all contractual remedies before seeking judicial intervention:

(1) When conduct of the employer indicates he repudiates the contract;

(2) When the union wrongfully refuses to process an employee's grievance; and

(3) When resort to arbitration would be futile.

*Vaca, supra; Glover v. St. Louis-San Francisco R. Co.,* 393 U.S. 324, 89 S.Ct. 548, 21 L.Ed.2d 519 (1969); *Clayton v. International Union, United Automobile, Aerospace, and Agricultural Implement Workers of America,* 451 U.S. 679, 101 S.Ct. 2088, 68 L.Ed.2d 538 (1981). Plaintiffs submit that exceptions one and three are applicable to the case at bar.

■ After reviewing the collective bargaining agreement's contractual grievance and arbitration procedure, it is apparent that it would have been futile for the plaintiffs to have attempted utilization of the arbitration mechanism. Article XXIV, the "Disputes and Grievance Procedure", states clearly that any time there is a dispute "involving an alleged claim of a *particular provision of this Agreement* " [emphasis added] the parties should make a

serious effort to settle the dispute. In the case at bar, there is no provision in the collective bargaining agreement that directly addresses the issue in dispute, that it, the issue concerning related entities of a signatory employer. Specifically, there is no clause present in the agreement allowing claims seeking to bind related entities of a signatory employer under the alter ego or the single employer theory.[1]

■ It logically follows that certain controversies between parties to an agreement will not be arbitrable if the controversy in question is not included in the agreement. *Lodge No. 12 District No. 37 International Association of Machinists v. Cameron Iron Works,* 257 F.2d 467 (5th Cir.1958). The policy of federal labor law is to restrict arbitration under the collective bargaining agreement to matters which the parties have agreed voluntarily to arbitrate. *See Refinery Employees' Union of Lake Charles Area v. Continental Oil Co.,* 160 F.Supp. 723 (W.D.La.1958), *affirmed* 268 F.2d 447 (5th Cir.), *cert. denied,* 361 U.S. 896, 80 S.Ct. 199, 4 L.Ed.2d 152 (1959). Therefore, it would have been futile for plaintiffs to pursue the contractual grievance and arbitration procedures outlined in the collective bargaining agreement because the issue in dispute is not covered by arbitration since the parties did not agree to arbitrate such matters. Thus, plaintiffs are excused from exhausting the grievance-arbitration procedures since it would have been a futile or unduly protracted procedure.[2] *Vaca, supra. See also United Protective Workers of America v. Ford Motor Co.,* 194 F.2d 997, 1002 (7th Cir.1952); *United Protective Workers of America, Local No. 2 v. Ford Motor Co.,* 223 F.2d 49, 51, 48 A.L.R.2d 1285 (7th

**1.** The plaintiff unions claim that in 1971 they proposed in ongoing negotiations to reach a contract a provision dealing with disputes concerning related entities of the signatory employer but the employer participants rejected inclusion of such provision in the collective bargaining agreement. This information would support the position taken by the Court, however, the Court did not base its decision on said information due to the plaintiffs' failure to substantiate such claim by affidavit or other appropriate documentation.

**2.** Since the Court has determined that the plaintiffs were not bound to exhaust the arbitration procedure prior to filing suit in federal court on the basis of the futility exception, it is not necessary for the Court to address whether the plaintiffs also met the repudiation exception set out in *Vaca, supra.*

Cir.1955); *Southern Pacific Co. v. Brotherhood of Locomotive Firemen and Enginemen,* 393 F.2d 345 (D.C.Cir.1967); *Calagaz v. Calhoon,* 309 F.2d 248 (5th Cir. 1962).

▮▮▮▮ The defendant Pratt-Farnsworth, also argues that it is entitled to summary judgment because prescription has run on plaintiffs' claims. Here, it is suggested by defendant that this union suit is a "hybrid" Section 301 suit to which the federal six month statute of limitations applies. A "hybrid" Section 301 suit is an action where the claims include both a breach of fair labor practices *and* a breach of contract. The Supreme Court, in hopes of fostering quicker resolutions to such hybrid disputes, has decided that the federal six-month statute of limitations would be applicable. *Del Costello v. International Brotherhood of Teamsters,* 462 U.S. 151, 167, 103 S.Ct. 2281, 2292, 76 L.Ed.2d 476, 491 (1983). Plaintiffs' claims are not time-barred since *Del Costello, supra,* held that the federal six-month statute of limitations would only apply to "hybrid" § 301 actions, *not* to straightforward breach of contract actions as we have in the instant case. Therefore, the most analogous Louisiana state statute of limitations must be applied to determine if this § 301 suit has been timely filed.[3]

Accordingly, the mover's motion for summary judgment must be denied.

---

**3.** For a full discussion on the applicable Louisiana prescriptive statute to this action, see the companion memorandum opinion entered in this suit on the same date as this opinion was entered. 609 F.Supp. 1302 (D.C.La.1985).