l2KUHN, Judge.
This is an appeal of the trial court’s ruling sustaining a declinatory exception raising the objection of lack of subject matter jurisdiction. We reverse and remand.
According to the allegations of the petition for damages filed by plaintiff-appellant, Robert D. McGehee, he is a police officer employed by defendant-appellee, the City of Baton Rouge (“the City”) since 1977. Plaintiff alleges that as of August 1995, he is qualified to receive an educational supplement to his base salary in accordance with a provision of a collective bargaining agreement executed between Baton Rouge Union of Police Local 237, I.U.P.A. AFL-CIO and the City (“the CBA”). Plaintiff submitted a request for the educational supplement to the City which was denied. Plaintiff avers that he has exhausted the grievance procedure set forth in the CBA and demands an award of damages in the monthly amount specified in the CBA, retroactive to August 1995, as well as attorney’s fees.
The City filed a declinatory exception raising the objection of lack of subject matter jurisdiction. In oral reasons for judgment the trial court granted the City’s exception. A judgment dismissing plaintiffs suit was signed on September 12, 1996. This devolu-tive appeal by plaintiff followed.
Subject Matter Jurisdiction
La. C.C.P. art. 1 provides:
Jurisdiction is the legal power and authority of a court to hear and determine an action or proceeding involving the legal relations of the parties, and to grant the relief to which they are entitled.
La. C.C.P. art. 2 explains that jurisdiction over subject matter is “the legal power and authority of a court to hear and determine a particular class of actions or proceedings, based upon the object of the demand, the amount of the dispute, or the value of the right asserted.”
In asserting the trial court’s conclusion that it lacked subject matter jurisdiction is erroneous, plaintiff urges that there are no provisions in the CBA which mandate that the grievance procedure set forth therein is the sole, available remedy. Thus, he appears to Uassert that under La. Const, art. 5, sec. 16(A),[1] he has a right to access the courts of Louisiana and have his claim heard. The City’s contention appears to be that á collective bargaining agreement is a type of hybrid contract whereby, through a bargaining representative, employees from a labor organization collectively negotiate, inter alia, a procedure for hearing disputes arising out of the terms of that agreement. Having availed himself of the procedure provided for in the CBA, the City maintains, plaintiff has exhausted his right of redress, and the courts of Louisiana are without subject matter jurisdiction to hear his complaint.[2]
*811 In Mire v. Ormet Corp., 371 So.2d 1209, 1211 (La.App. 1st Cir.), writ denied, 373 So.2d 509 (La.1979), this court examined contractual provisions which set forth a procedure to appeal the denial of benefits in a private pension plan. Plaintiff, who had been denied disability benefits, was a member of the United Steel Workers of America, Local Union 14465. In asserting an exception of lack of subject matter jurisdiction, defendant-employer maintained that by contract the parties had agreed to an appeal procedure, which had been utilized by plaintiff, and thus the courts of Louisiana were without jurisdiction to entertain his lawsuit. Defendant further contended that in the absence of fraud or bad faith, plaintiff was bound by the procedure set forth in the contract, and that the decision of the designated authority was not a matter for review by the courts of this state. While generally agreeing with defendant’s assertion that one was bound to the stipulated procedure outlined in the contract, this court concluded that defendant had relied upon the wrong exception to challenge plaintiffs petition, stating:
Taking the defendant’s exception to its ultimate end, this court would not have jurisdiction over the subject matter to even entertain suits where fraud or bad faith is alleged. Further, we are of the opinion that absent legislative Uauthority, it is against the public policy of this state for such contractual provisions to be so interpreted as to deny access to the courts.
We find that the reasoning expressed in Mire applies with full force to the case presently before us and conclude that the City has relied on the wrong exception to challenge the viability of plaintiff’s lawsuit. Accordingly, we reverse the trial court’s determination sustaining the City’s exception of lack of subject matter jurisdiction.
DECREE
The September 12, 1996 judgment granting the declinatory exception objecting to the subject matter jurisdiction of the court and dismissing plaintiff’s petition is reversed. This matter is remanded to the trial court for further proceedings not inconsistent with the views expressed herein. Costs in the amount of $540.42 are assessed against defendant-appellee, the City of Baton Rouge.
REVERSED AND REMANDED.

. La. Const. Art. 5, sec. 16(A) states in relevant part, "[A] district court shall have original jurisdiction of all civil ... matters.”

. We note that despite the reliance of both parties on the provisions in the CBA, the agreement was neither introduced into evidence nor made a part of the record. Although that omission alone would serve as a basis to reverse the trial court’s conclusion that it lacked subject matter jurisdiction, see Our Lady of the Lake Hosp. v. Vanner, 95-0754 (La.App. 1st Cir. 12/15/95); 669 So.2d 463, 465-66, because we find a substantive basis *811 to support the reversal, we pretermit a discussion of the evidentiary deficiency.