604 So.2d 710 (1992)
PACIFICORP CAPITAL, INC.
v.
STATE of Louisiana, Through the DIVISION OF ADMINISTRATION, and the Louisiana State University Medical Center, Through Louisiana State University, Board of Supervisors, and International Business Machines Corporation.
No. 91 CW 1836.
Court of Appeal of Louisiana, First Circuit.
June 29, 1992.
Gerald L. Walter, Jr., Anne Crochet, Baton Rouge, for plaintiff Pacificorp Capital, Inc.
Gordon A. Pugh, Baton Rouge, for defendant IBM.
*711 Kevin Torres, Baton Rouge, for defendant State of La., Div. of Admin.
Mary E. Tharp, Baton Rouge, for defendant LSU Medical Center.
Before SHORTESS, LANIER and CRAIN, JJ.
CRAIN, Judge.
The facts which we are able to glean from the record are that the State of Louisiana through Louisiana State University Medical Center at New Orleans (LSUMC) issued an invitation for bids for data processing equipment. International Business Machines Corporation (IBM) and Pacificorp Capital, Inc. (PCC) were among those corporations which submitted bids. PCC was notified of the State's intent to award the bid to IBM and pursuant to La.R.S. 39:1671 protested the intended award. A copy of the notification letter, PCC's protest and the transcript of the subsequent administrative hearing were not included in the record. The hearing was apparently resolved in favor of affirming the intended award. PCC apparently also sought an administrative appeal pursuant to La.R.S. 39:1681, however, the status of that appeal and the subsequent judicial review, if any, of that matter is not contained in this record. The contract was apparently awarded to IBM prior to the conclusion of the administrative appeal to LSUMC's intention to award the contract to IBM. The contract is not included in the record.
PCC apparently initiated an administrative protest to the contract executed by IBM and the State, alleging that the contract is null and void because among other things, the contract as executed differed from IBM's alleged responsive bid. PCC's protest is evident in the letter dated March 1, 1991, from LSUMC to PCC in which LSUMC set the date for the administrative hearing. PCC also filed a petition seeking declaratory relief regarding whether the contract executed by the state and IBM is null and void due to its execution in violation of the competitive sealed bidding law prescribed in La.R.S. 39:1551, et seq. Named as defendants are the State, LSUMC and IBM. PCC also filed a Motion and Order for Stay of Administrative Proceedings. The trial court granted PCC's motion staying the administrative proceedings. LSUMC filed the declinatory exception raising the objection of lis pendens and the dilatory exception raising the objection of prematurity. IBM filed the dilatory exception raising the objection of prematurity, and the peremptory exception raising the objections of no right of action and no cause of action. The State apparently also filed a peremptory exception raising the objection of no cause of action. After a hearing on the exceptions judgment was rendered maintaining the State's exception, and overruling the exceptions raised by LSUMC and IBM.
From this ruling LSUMC applied to this court seeking supervisory writs which we granted. The writ application of IBM is the subject of a companion case, Number 91 CW 1833, which has been decided on this date.

PREMATURITY
The contract for the procurement of data processing equipment was awarded and confected pursuant to statutory provisions for the procurement of data processing equipment, La.R.S. 39:196-200, and the Louisiana Procurement Code, La.R.S. 39:1551-1755. The procurement code provides administrative remedies which must be exhausted by the protestant before seeking judicial review of the matter. An objection of prematurity is valid when a party fails to exhaust his administrative remedies. Yamaha Motor Corporation, U.S.A. v. Bonfanti Industries, Inc., 589 So.2d 575 (La.App. 1st Cir.1991)
LSUMC asserts that the administrative remedies prescribed in the Louisiana Procurement Code apply to protests to the solicitation of bids to the award of a contract and to challenges to the validity of the contract itself. These administrative remedies must be exhausted prior to obtaining a judicial determination of the validity of the contract executed pursuant to La.R.S. 39:196-200 and La.R.S. 39:1551-1755. *712 PCC asserts that the Louisiana Procurement Code provides remedies only for persons aggrieved by the solicitation and awarding of contracts, not for persons challenging the validity of the executed contract.
The Louisiana Procurement Code, with certain named exceptions, applies to all expenditures of public funds under any contract for supplies, services or major repairs (La.R.S. 39:1554(B)), including the procurement of data processing equipment. Its application to the procurement of data processing equipment is implicit in the mandate of La.R.S. 39:200(M) which provides that statutory provisions which prescribe the procurement of data processing equipment supercede any conflicting provisions of the Louisiana Procurement Code.
A procurement support team assists the State in evaluating bids and negotiating the contract with the apparently successful bidder. La.R.S. 39:200(I). The negotiation of contracts after the evaluation of bids is one of the primary differences between the procurement of data processing equipment and other procurement contracts subject to the Louisiana Procurement Code. However, despite this distinction, the Louisiana Procurement Code applies to data processing procurement contracts. Data processing equipment must be procured through a procedure including competitive sealed bidding, La.R.S. 39:199(A), and the bid of the successful vendor must be incorporated into the contract. (La.R.S. 39:200[G]).
La.R.S. 39:1556(4) of the Louisiana Procurement Code defines the meaning of "contract."
`Contract' means all types of state agreements, regardless of what they may be called, for the purchase of supplies, services, or major repairs. It includes awards, and notices of award contracts of a fixed-price, cost, cost-plus-a-fixed-fee, or incentive type; contracts providing for the issuance of job or task orders; leases; letter contracts; and purchase orders. It also includes supplemental agreements with respect to any of the foregoing.
La.R.S. 39:1671(A) of the Procurement Code provides an administrative remedy for the pre-litigation resolution of protested solicitations and awards:
Right to protest. Any person who is aggrieved in connection with the solicitation or award of a contract shall protest to the chief procurement officer.... Protests with respect to the award of a contract shall be submitted in writing within fourteen days after contract award.
The chief procurement officer or his designee has the authority to settle or resolve the protest with the approval of the attorney general. La.R.S. 39:1673(B). The decision must be issued in writing within fourteen days and must inform the protestant of its right to administrative and judicial review. La.R.S. 39:1671(C). The decision is final and conclusive unless timely appealed to the Commissioner. La.R.S. 39:1671(E).
Subpart B of Part VI entitled "Solicitations or Awards in Violation of Law" applies where it is determined administratively or after administrative or judicial review that the award of a contract is in violation of the law. La.R.S. 39:1676. Where the determination has been made prior to the award, the proposed award must be cancelled. La.R.S. 39:1677.
La.R.S. 39:1681-1685(C) prescribes the procedures for administrative appeals. La. R.S. 39:1683 provides for the scope of review, time limitations for filing appeals, decisions, notice of decisions and the finality of decisions for protests of solicitations or awards.
Subpart D of the Louisiana Procurement Code is entitled "Actions By and Against the State." La.R.S. 39:1691(A) which is contained therein provides
Solicitation and award of contracts. The Nineteenth Judicial District Court shall have exclusive venue over an action between the state and a bidder, offeror, or contractor, prospective or actual, to determine whether a solicitation or award of a contract is in accordance with the constitution, statutes, regulations, and the terms and conditions of the soliciation. *713 Such actions shall extend to all kinds of actions, whether for monetary damages or for declaratory, injunctive, or other equitable relief.
La.R.S. 39:1691(D) provides:
Limited finality for administrative determinations. In any judicial action under this Section, factual or legal determination by employees, agents, or other persons appointed by the state shall have no finality and shall not be conclusive, notwithstanding any contract provision, regulation, or rule of law to the contrary, except to the extent provided in: R.S. 39:1625, R.S. 39:1671(E), R.S. 39:1672(F), R.S. 39:1673(E), R.S. 39:1683(E), R.S. 39:1684(E), and R.S. 39:1685(E).
The above mentioned statutory provisions indicate the legislative intent that all actions pertaining to the solicitation or award of contracts, and the validity of contracts, including whether they are in violation of any aspect of the Louisiana Procurement Code, should first exhaust the administrative remedies prescribed in the Louisiana Procurement Code before proceeding in the Nineteenth Judicial District Court. The term "award" includes an executed contract. If it did not, a contract executed within 14 days of the declaration of the successful bidder would be subject to a dual attack of both the procedures leading to the declaration of the successful bidder and the executed contract at issue. The former would have to be brought in the appropriate forum, while the latter would have to be brought in the 19th Judicial District Court. The statutory scheme does not envision this result.
Thus the action for declaratory relief initiated by PCC in district court is premature. PCC must avail itself of and exhaust the administrative remedies prescribed in the Louisiana Procurement Code before it may seek judicial review or resolution of this matter. Accordingly the judgment of the district court overruling the objection of prematurity is reversed and judgment is rendered in favor of LSUMC and against PCC sustaining the dilatory exception and dismissing PCC's petition without prejudice. PCC is cast for all costs. Having reversed the judgment on the prematurity objection, we need not address the remaining issues of no cause of action and no right of action.
REVERSED AND RENDERED.
SHORTESS, Judge, concurring.
I concur in the result because clearly the judicial action was premature under the requirements sections 1661-1692 of the Procurement Code.
The definition of "contract" found in LSA-R.S. 39:1556(4) is certainly broad enough to include an executed negotiated contract. LSA-R.S. 39:1671, 1681-83, and 1691-92 set forth a step-by-step procedure for pre-litigation resolution of controversies, and administrative and judicial appeals of unresolvable cases, involving contracts. These statutes clearly contemplate the inclusion of controversies concerning executed contracts. Pacificorp's petition alleges the contract in question was entered into in violation of law. Pacificorp is a "person who is aggrieved in connection with the ... award of a contract" within the meaning of LSA-R.S. 1671(A); it is thus bound to exhaust the administrative remedies provided in the Procurement Code.
Contracts involving the procurement of data processing equipment involve both a notice of intended award and an executed negotiated contract. It seems to me that the majority has implicitly held that a party aggrieved in such a situation need not bring an administrative action within 14 days of the notice of intended award but may bring the administrative protest within 14 days of the executed contract. I don't think that only one administrative procedure is necessary where, as in this case, there are two disputes, one involving the solicitation and another involving the validity of the contract itself. In my opinion, two administrative procedures are required in such a situation, based on the requirement in R.S. 39:1671(A) that such protests over solicitation be made before the opening of bids, and protests over the award of contracts be brought within 14 days after contract award. The reason for this seems *714 simple enough. The basis which exists for protesting a solicitation may be entirely different from questions which arise later regarding a negotiated contract.
For these reasons, I respectfully concur.