WEIMER, J.
The issue in this appeal is whether the Division of Administrative Law has subject matter jurisdiction to review a protest of a request for proposal (RFP) for a contract to lease a public university building, issued pursuant to the “Leases of College and University Properties” law, LSA-R.S. 17:3361, et seq., when the RFP includes specifications for the provision of food services that historically had been subject to the Louisiana Procurement Code, LSA-R.S. 39:1551, et seq.[1] The appellant, ABL Management, Inc., (ABL) contends the contract sought in the RFP issued by Southern University (Southern) in Baton Rouge[2] is subject to the Louisiana Procurement Code, so that the Division of Administrative Law had subject matter jurisdiction and the decision of the Administrative Law Judge (ALJ) to the contrary was erroneous as a matter of law. We agree.
BACKGROUND
The following facts are undisputed by the parties.[3] By an RFP advertised on October 6, 1997, Southern solicited a proposal for the lease of space for dining facilities at Southern’s campus in Baton Rouge, for a term of five years with five one-year renewal options. The RFP had extensive specifications for providing food services at Southern’s- campus, including meal plans for all students who lived in campus dormitories, meals for athletes and for special events. Although the RFP was called a “lease,” Southern does not dispute the fact that under the new contract, the university would continue to collect meal plan fees at registration from the students and, | ¡^thereafter, remit the funds to the lessee that provided the food services. The RFP also required the lessee to be responsible for securing a liquor permit; *386 to provide a first class catering service comparable to industry standards; to provide and maintain motor vehicles suitable for the purpose of transporting food and beverage items; and other detailed specifications related to personnel and insurance.
ABL filed a protest of the RFP on October 29, 1997, which was denied by Southern. ABL sought review by the Division of Administrative Law. An ALJ granted Southern’s motion to dismiss on the ground that the Division of Administrative Law had no jurisdiction to hear a matter dealing with the RFP issued pursuant to LSA-R.S. 17:3361. The Division of Administrative Law advised ABL it had 30 days to seek review in district court, which ABL did, alleging it submitted a responsive bid with the best financial package, but Southern had selected another bidder.
On July 21, 1998, the district court heard arguments, received documentary evidence, and agreed that the Division of Administrative Law lacked jurisdiction because the RFP was issued pursuant to LSA-R.S. 17:3361. The court denied ABL’s motion to remand the matter to the ALJ. A judgment denying the motion was signed on October 8, 1998. ABL sought and was granted a devolutive appeal.
DISCUSSION
In its brief to this court, Southern admits the Administrative Procedure Act and the Administrative Law Division proceedings may apply to a public university when the procurement proceeding is conducted pursuant to the Louisiana Procurement Code process. Nevertheless, Southern makes a threshold argument that because Southern’s management board is constitutionally authorized to manage the university,[4] Southern is beyond the scope of the legislation which governs procurements by other public agencies. This argument directly conflicts with the admission that the Louisiana | .(Procurement Code applies to universities in certain instances. It is also contrary to express statutory provisions and the jurisprudence interpreting same.
All statutory enactments are presumed to be constitutional, and any doubt is to be resolved in the statute’s favor. Unless the fundamental rights or privileges and immunities of a person are involved, a strong presumption exists that the legislature in adopting legislation has acted within its constitutional authority. This presumption is especially forceful in the case of statutes enacted to promote a public purpose. Board of Directors of Louisiana Recovery District v. All Taxpayers, Property Owners, and Citizens of State of Louisiana, 529 So.2d 384, 387 (La.1988). Although LSA-R.S. 39:1572(B)(2) exempts the Southern University System from conducting procurement through the central purchasing agency pursuant to LSA-R.S. 39:1572, the statute specifically states that Southern “shall nevertheless be subject to the requirements of this Chapter.” The director of purchasing for the various university campuses is the “chief procurement officer” under LSA-R.S. 39:1556(3), and the purchasing agent of each university is a “deputy purchasing agent of the state central purchasing agency” pursuant to LSA-R.S. 17:3355(A). The cases cited by Southern in support of its “constitutional” argument are factually distinguishable in that they address either legislative attempts to alter the powers of the university board[5] or internal affairs of the univer *387 sities that do not come within the scope of the legislation regulating administration of public agencies.[6]
15The Louisiana Procurement Code, with certain named exceptions,[7] applies to all expenditures of public funds under any contract for supplies,[8] services, or major repairs. LSA-R.S. 39:1554(B); Pacificorp Capital, Inc. v. State, Division of Administration, 604 So.2d 710, 712 (La.App. 1 Cir.1992). The term “contract” is defined as:
all types of state agreements, regardless of what they may he called, for the purchase of supplies, services, or major repairs. It includes awards and notices of award; contracts of a fixed-price, cost, cost-plus-a-fixed-fee, or incentive type; contracts providing for the issuance of job or task orders; leases; letter contracts; and purchase orders. It also includes supplemental agreements with respect to any of the foregoing. (Emphasis supplied.)
LSA-R.S. 39:1556(4).
Despite the above provisions, Southern has taken the position that LSA-R.S. 17:3361 relieves the university of abiding by the Louisiana Procurement Code. This position ignores the situation in which a contract by a state agency is subject to two separate statutory provisions, one of which is the Louisiana Procurement Code. In Pacificorp Capital, Inc. v. State, Division of Administration, Office of State Purchasing, 92-1729, p. 3 (La.App. 1 Cir. 8/11/94), 647 So.2d 1122, 1124, writ denied, 94-2315 (La.11/18/94), 646 So.2d 387, this court held that both the statutory provisions for the procurement of data processing equipment, LSA-R.S. 39:196, et seq., and the Louisiana Procurement Code applied to the procurement of data processing equipment and services. The provisions for procurement of data processing equipment merely supersede any conflicting statutory provisions of the Louisiana Procurement Code. Id.
Thus, the Leases of College and University Properties law, LSA-R.S. 17:3361, et seq., applies along with the Louisiana Procurement Code, unless there is a conflict in the provisions of the statutes. Absent a conflict, there is no authority for divesting the | ^Division of Administrative Law of subject matter jurisdiction pursuant to the Louisiana Procurement Code.
We next must determine if such a conflict in the statutory provisions exists. The following rules of statutory construction, enunciated in Bunch v. Town of St. Francisville, 446 So.2d 1357, 1360 (La.App. 1 Cir.1984) apply:
The lawmaker is presumed to have enacted each law with deliberation and with full knowledge of all existing laws on the same subject. The meaning and intent of a law is to be determined by a consideration of the law in its entirety and all other laws on the same subject matter, and a construction should be placed on the provision in question which is consistent with the express terms of the law and with the obvious intent of the lawmaker in enacting it. Where it is possible to do so, it is the duty of the courts in the interpretation of laws to adopt a construction of the *388 provision in question which harmonizes and reconciles it with other provisions. A construction of a law which creates an inconsistency should be avoided when a reasonable interpretation can be adopted which will not do violence to the plain words of the law and will carry out the intention of the lawmaker.
We have considered the provisions of LSA-R.S. 17:3361 and the Louisiana Procurement Code with these rules in mind, and have concluded that the statutes, when reasonably and logically construed, are not inconsistent with each other.
The Louisiana Procurement Code was enacted, in part, to “provide for increased public confidence in the procedures followed in public procurement^]” to “ensure the fair and equitable treatment of all persons who deal with the procurement system of this state[;]” and to “provide safeguards for the maintenance of a procurement system of quality and integrity.” LSA-R.S. 39:1552(B)(3), (4), and (6); Alexander & Alexander, Inc. v. State, 596 So.2d 822, 826 (La.App. 1 Cir.1991), writ denied, 600 So.2d 641 (1992).
More germane to the instant case, the Louisiana Procurement Code develops a system for resolution of contract disputes and establishes a multi-step administrative review process. See LSA-R.S. 39:1673, 1681, 1685, 1691(C), and 1692(C). In enacting the Louisiana Procurement Code, the legislature set forth a system for review in matters involving the solicitation and award of contracts, the debarment and suspension of persons from consideration in the award of contracts, and the resolution of contract and |7breach of contract controversies. The Louisiana Procurement Code specifies the required steps in the review process and the time delays within which the rights afforded at that level must be exercised.
The Leases of College and University Properties law has no provision for review of the university board’s decision to grant leases. However, in this matter, the anticipated contract would involve not simply a lease but also would have provisions related to procurement of food services.[9] In light of this particular RFP, which involves food services, i.e. a procurement,[10] the provisions of the Louisiana Procurement Code apply, including the provisions for review.
The pertinent parts of LSA-R.S. 17:3361, “Authority of boards to execute leases” are:
A. Each board may grant leases of any portion or portions of the grounds or campus of any college or university or *389 of other immovable property under its supervision and management, for a term not to exceed ninety-nine years for each lease, to any of the following:
(1) An organized national or local college or university fraternity or sorority.
(2) A religious, quasi-religious or benevolent organization or other nonprofit corporation or association.
(3) A military organization under the supervision of the state of Louisiana or of the United States of America.
(4) A public body.
(5) A private entity, provided such private entity shall be obligated under the terms of the lease agreement to construct improvements on the leased premises which will further the educational, scientific, research, or public service functions of the board.[11]
B. Each board may permit the lessees to erect, construct, and maintain thereon fraternity or sorority houses or homes, student centers, facilities for religious worship and instruction, armories, storehouses, and other structures. Contracts entered into by a private lessee for the performance of work on the leased premises or the erection, construction, or maintenance of improvements on the leased premises shall not constitute public works contracts.
[[Image here]]
E. The provisions of R.S. 39:1643[12] [leases with state as lessee] and Part I of Chapter 10 of Title 41[13] of the Louisiana Revised Statutes of 1950 [leases with state as lessor] shall not be applicable to agreements authorized by this Part.
When LSA-R.S. 17:3361 was amended in 1985, the legislature presumably had full knowledge of the existing provisions of the Louisiana Procurement Code in addition to LSA-R.S. 39:1643. If the legislature had intended that the entire Procurement Code were not to apply to an LSA-R.S. 17:3361 lease, the 1985 amendment could have excluded the entire Louisiana Procurement Code, not just LSA-R.S. 39:1643. The fact that there is nothing in LSA-R.S. 17:3361 which excludes applicability of the Louisiana [ (¡Procurement Code leads to the inference that the legislature intended for the Louisiana Procurement Code to apply to matters such as the instant one.
As we have already pointed out, courts are bound to interpret statutes in such a way as to carry out the intent of the legislature and give effect to all statutory provisions when possible. Considering the fact that the Louisiana Procurement Code was in existence when the 1985 amendment to LSA-R.S. 17:3361 was enacted, we conclude that the legislature intended that when an LSA-R.S. 17:3361 lease contains a procurement, the Louisiana Procurement Code is applicable and administrative review as provided therein is proper.
CONCLUSION
Accordingly, we reverse the judgment of the district court which dismissed ABL’s petition on an exception of lack of subject matter jurisdiction. Costs of this appeal *390 in the amount of $1,606.06 are assessed against Southern. We remand the matter to the Division of Administrative Law for further proceedings consistent with this opinion.
REVERSED AND REMANDED.

. On February 19, 1997, the Division of Administration Office of Contractual Review denied approval of a contract for food services that Southern University had awarded without the required bidding pursuant to the Louisiana Procurement Code.

. Southern is a public university under the management and control of the Board of Supervisors for Southern University and Agricultural and Mechanical College.

. This matter was submitted for decision to the ALJ without any evidence being introduced. Thus, a question arises concerning the admissibility of evidence at the district court level. Although omission of essential evidence alone would serve as a basis to reverse the trial court’s conclusion that the ALJ lacked subject matter jurisdiction, because we find a substantive basis to support the reversal, we pretermit a discussion of the evidentiary deficiency. See McGehee v. City of Baton Rouge, 97-0103, p. 3 (La.App. 1 Cir. 2/20/98), 708 So.2d 809, 810 n. 2.

. LSA-Const. art. 8, § 7(A) provides that the Board of Supervisors of Southern “shall supervise and manage the institutions, statewide agricultural programs, and other programs administered through its system."

. See Student Government Association of Louisiana State University and Agricultural and Mechanical College, Main Campus, Baton Rouge v. Board of Supervisors of Louisiana State University and Agricultural and Mechanical College, 262 La. 849, 264 So.2d 916 (1972) (which involved a declaratory judgment action to determine the authority of the Louisiana State University Board of Supervisors to impose fines for violations of parking violations. This case pre-dated the current *387 Louisiana Constitution enacted in 1974.); Board of Elementary and Secondary Education v. Nix, 347 So.2d 147 (La.1977) (a statute spelling out administrative duties of the board and the superintendent was not a legislative infringement on the board’s constitutional power to decide policy for the public school system).

.See Grace v. Board of Trustees for State Colleges and Universities, 442 So.2d 598 (La.App. 1 Cir. 1983), writ denied, 444 So.2d 1223 (1984) (the Administrative Procedure Act is not applicable to matters such as faculty grievance proceedings).

. See LSA-R.S. 39:1554(B), (C), and (D). Exclusions.

. “‘Supplies’ means all property, including but not limited to equipment, insurance, and leases on real property excluding land or a permanent interest in land.” LSA-R.S. 39:1556(25).

. ABL calls our attention to paragraph C of LSA-R.S. 17:3355, "Contracts and purchases; livestock shows and rodeos; food services,” which provides:
Notwithstanding any other law to the contrary, the management board of any state college or university may after advertisement for and receipt of bids, contract with the lowest responsible bidder for food services, vending operations, and similar other services for a term not to exceed three years. Such a contract may include an option to renew the contract on a year to year basis, not to exceed a period of three years. No increase in a renewal contract price shall exceed the percentage of increase in the consumer’s wholesale price index since the previous contract was entered. Such contracts, or renewals of contracts, shall also be approved by the state Division of Administration.
Noting the specificity of this statutory provision as it relates to food services on a university campus, ABL requests a ruling by this court directing Southern to cancel its existing contract let pursuant to the RFP which is the subject of this appeal, and directing Southern to let any future contract for food services only after the letting of sealed bids pursuant to LSA-R.S. 39:1594 of the Louisiana Procurement Code. This request overlooks the fact that this appeal involves only the issue of subject matter jurisdiction, not the merits of ABL’s protest to the RFP.

. “'Procurement’ means the buying, purchasing, renting, leasing, or otherwise obtaining any supplies, services, or major repairs. It also includes all functions that pertain to the obtaining of any public procurement, including description of requirements, selection and solicitation of sources, preparation and award of contract, and all phases of contract administration.” LSA-R.S. 39:1556(17).

. LSA-R.S. 17:3361(A)(5) was amended by 1999 La. Acts No. 167 to add "and provided further that the private entity has been selected pursuant to a competitive bid or competitive proposal process.”

. LSA-R.S. 39:1643 provides:
A. Every lease for the use of five thousand square feet or more of space in a privately owned building entered into by a state agency as lessee shall be awarded pursuant to R.S. 39:1594 in accordance with the conditions for use set forth in that Section and only after evaluation of the bids in accordance with the specific criteria contained in the invitation for bids as authorized by R.S. 39:1594(E)(2). No such lease shall extend beyond a period of ten years.
B. The ten-year limitation shall not be applicable to the management boards created under Article VIII, Sections 6 and 7 of the 1974 Louisiana Constitution.

.See Title 41. Public Lands; Chapter 10, Leases of Public Lands; Part I. Leases for General Purposes, § 1211, et seq.