**CONFEDERACION LABORISTA DE PUERTO RICO, et al.,**
**Plaintiffs, Appellants,**

**v.**

**CERVECERIA INDIA, INC.,**
**Defendant, Appellee.**

**CONFEDERACION LABORISTA DE PUERTO RICO, et al.,**
**Plaintiffs, Appellees,**

**v.**

**CERVECERIA INDIA, INC.,**
**Defendant, Appellant.**

**Nos. 85–1530, 85–1561.**

United States Court of Appeals, First Circuit.

Argued Nov. 15, 1985.

Decided Dec. 2, 1985.

Jesus Hernandez Sanchez, Santurce, P.R., for Confederacion Laborista De Puerto Rico.

Jay A. Garcia-Gregory with whom Tristan Reyes-Gilestra and Fiddler, Gonzalez & Rodriguez, San Juan, P.R., were on brief for Cerveceria India, Inc.

Before CAMPBELL, Chief Judge, and ALDRICH and BREYER, Circuit Judges.

PER CURIAM.

Plaintiffs Confederacion Laborista de Puerto Rico and Union de Empleados Vendedores de la Cerveceria India, Inc. ("the Union"), along with certain former members of the Union ("Employees"), appeal from a district court order granting the motion of defendant Cerveceria India, Inc. ("India") for summary judgment.

In June 1981 the Union, which represented India's salespeople, entered into a collective bargaining agreement with India. The agreement was to expire on May 25, 1984. On January 11, 1984, however, India dismissed all of its salespeople, allegedly because of an economic crisis. Soon thereafter, pursuant to the administrative procedure provided for in the collective bargaining agreement, the Union filed a grievance for unjustified discharge before the Grievance Committee. India participated in the

grievance procedure, attending two meetings before the Grievance Committee. Since no agreement could be reached on the Union's claims, both parties submitted them to an arbitrator as required by the collective bargaining agreement. On May 23, 1984, while their claim was still before the arbitrator, the Union and most of the discharged employees brought this suit in district court.[1]

 It has been established that where a collective bargaining contract provides for a grievance and arbitration procedure, an employee must ordinarily exhaust such procedures before his or her suit will be heard in court. *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 163–64, 103 S.Ct. 2281, 2289–90, 76 L.Ed.2d 476 (1983); *Republic Steel Corp. v. Maddox*, 379 U.S. 650, 652–53, 85 S.Ct. 614, 616–17, 13 L.Ed.2d 580 (1965); *Hayes v. New England Millwork*, 602 F.2d 15, 18 (1979). The present collective bargaining agreement provided that *"every* complaint," including any controversy involving alleged violations of the contract or interpretation of contractual provisions, *"shall* be initially treated in an administrative manner between the parties." [2] The contract provided that the grievance and arbitration provisions could be bypassed only in the event of a strike by the Union or lockout by the Employer.

Neither of these contractual exceptions is applicable to the present case.[3] In addition, there is no evidence that India attempted to repudiate the grievance procedure, *see, e.g., Vaca v. Sipes*, 386 U.S. 171, 185, 87 S.Ct. 903, 914, 17 L.Ed.2d 842 (1967), or that resort to the grievance procedure would have been futile, *see, e.g., Glover v. St. Louis-San Francisco R. Co.*, 393 U.S. 324, 330, 89 S.Ct. 548, 551, 21 L.Ed.2d 519 (1969). Under such circumstances, a long line of precedent makes it clear that the Union and employees were obligated to exhaust the grievance procedures provided for in the collective bargaining agreement before attempting to bring suit in federal court. Because they failed to do so, the district court quite properly dismissed the case, 607 F.Supp. 1077 (D.P.R. 1985).

■ Given the clarity of the precedents of both the Supreme Court and this court on this issue, plaintiffs' claim was entirely unwarranted by existing law or a good faith argument for modification of existing law. Fed.R.Civ.P. 11. The order of the district court granting the motion for summary judgment is therefore affirmed. While we uphold the district court's order denying costs and attorneys' fees, we order plaintiffs to pay costs plus an additional $1,000 to reimburse defendant, India, for part of its reasonable expenses in defending against this frivolous appeal.

*So ordered.*

---

**1.** On June 27, 1984, the Union sought to withdraw its grievance before the arbitrator because suit had been filed in federal court.

**2.** The contract also stated that, "[r]egardless of the magnitude of the dispute which arises in the factory, warehouses, or offices, it shall be the obligation of the contractual parties to appeal to the Grievance and Complaint Committee in order to find an adequate and appropriate remedy. . . ."

**3.** Plaintiffs conceded at oral argument that the termination decision was motivated by India's economic situation, and not by a desire to wring concessions from the Union. Therefore, the dismissals cannot be viewed as a lockout.