Genevieve MUNOZ

v.

**TRANS WORLD AIRLINES, INC.**

**Civ. No. 86–507–D.**

United States District Court,
D. New Hampshire.

June 24, 1987.

Janine Gawryl, Nashua, N.H., for plaintiff.

Michael A. Katz, TWA, Inc., New York City, James P. Bassett, Concord, N.H., for defendant.

## ORDER

DEVINE, Chief Judge.

In this diversity action, removed to this court from the Hillsborough County, New Hampshire, Superior Court on December 5, 1986,[1] plaintiff Genevieve Munoz alleges breach of contract (Count I) and wrongful discharge (Count II) arising from the termination of her employment by defendant Trans World Airlines, Inc. ("TWA"). Currently before the Court is TWA's motion to dismiss the action pursuant to Rule 12(b)(1), Fed.R.Civ.P., alleging lack of subject matter jurisdiction. At issue is whether plaintiff's suit is foreclosed due to her failure to exhaust administrative grievance procedure remedies.

TWA contends that disputes between an airline and its employees are governed by the Railway Labor Act ("RLA"), 45 U.S.C. §§ 151–188. According to TWA, RLA provisions mandate that disputes must be handled through company administrative grievance procedures, said grievance procedures providing the exclusive mode for settling disputes of the kind herein alleged. TWA admits that at the time it answered plaintiff's complaint it alleged there was no grievance procedure in effect, based on the fact that the collective bargaining agreement giving rise to the dispute resolution process had expired. However, TWA now asserts that it has reinstituted its grievance procedure and contends that plaintiff must avail herself of the reinstituted procedure and remedies therein before seeking judicial review. *See* Memorandum of Law in Support of Defendant's Motion to Dismiss at 3, 8. More importantly, TWA contends that inasmuch as its grievance procedure is applicable only to employees on "active employment" status, and plaintiff's current status is "inactive", plaintiff must wait to be rehired before said grievance procedure is available to her. *See* Defendant's Reply Memorandum in Support of its Motion to Dismiss at 4.

■ It is the general rule that an employee must at least attempt to exhaust exclusive grievance and arbitration procedures established by the bargaining agreement before bringing suit. *Vaca v. Sipes*, 386 U.S. 171, 184–85, 87 S.Ct. 903, 914, 17 L.Ed.2d 842 (1967); *Confederacion Laborista de Puerto Rico v. Cerveceria India, Inc.*, 778 F.2d 65, 66 (1st Cir.1985). Nonetheless, if the conduct of the employer effectually repudiates the contractual procedures or if resort to them would be futile, an employee may obtain judicial review of a breach of contract claim, despite the employee's failure to secure relief through contractual remedial procedures. *See, e.g., Confederacion Laborista de Puerto Rico, supra,* 778 F.2d at 66 (and citations therein); *Carpenters Local Union No. 1846 v. Pratt-Farnsworth, Inc.*, 609 F.Supp. 1299, 1301 (E.D.La.1984) (and citations therein).

■ In effect, TWA contends that plaintiff must be rehired in order for her to be able to bring suit against the company. This contention is illogical, for it militates against TWA's rehiring plaintiff, and untenable, for it places plaintiff's ability to bring suit totally within TWA's control. Were this proposition to be accepted by the Court, defendant or any other unionized employer could prevent employees from bringing suit against them merely by terminating their employment. By advancing such a patently unjust proposition, TWA has effectively repudiated its contractual procedures and indicated that resort to said

---

1. Jurisdiction is based upon 28 U.S.C. § 1332, the parties being diverse and the matter in controversy exceeding the sum of $10,000 exclusive of interest, costs, and disbursements.

procedures would be futile. In sum, TWA has denied plaintiff access to its grievance procedure by failing to rehire her. The company may not now take advantage of its own conduct to rely in this court on the unexhausted procedures as a defense to plaintiff's cause of action, thus leaving plaintiff remediless. *See Vaca v. Sipes, supra,* 386 U.S. at 185–86, 87 S.Ct. at 914.

Neither party has briefed defendant's contention that an employee is bound by a grievance procedure instituted subsequent to the filing of a lawsuit. In any event, considering defendant's stance in this litigation, the Court has found that recourse to such procedure would have been futile. Accordingly, the Court does not address the retroactivity issue.

Defendant's motion to dismiss (document no. 11) is denied. Pursuant to Magistrate's Barry's Order of April 9, 1987, a further pretrial is scheduled to take place on Friday, July 17, 1987, at 11 a.m.

SO ORDERED.

James A. Wood, Israel and Wood, P.C., Pittsburgh, Pa., for plaintiff.