In re Alvin TROTMAN and Juliana E. Glasgow–Trotman, Debtors.

In re Nemesio TORRES and Isabel I. Torres, Debtors.

In re Armando MORA, Jr., Debtor.

In re Stephen M. HALE, Debtor.

In re Julius C. HODGES, Jr. and Deborah J. Hodges, Debtors.

In re Tom A. KEENER and Paula J. Keener, Debtors.

In re Keith Lorenzo BOYD, Debtor.

In re Frank Hays JONES and Barbara W. Jones, Debtors.

In re George Raymond STOKES, Debtor.

In re Leighton A. WHITE and Jean M. White, Debtors.

In re David M. POOLE and Charlotte M. Poole, Debtors.

In re Lucy D. SANDIDGE, Debtor.

In re Billy W. ATKINSON and Martha C. Atkinson, Debtors.

In re Charles E. STANTON and Wilma J. Stanton, Debtors.

In re David Bruce GRIFFITH, Debtor.

In re Anthony MIGLIACCIO and Joyce Migliaccio, Debtors.

In re Paul Jeffrey BROWNE, Debtor.

In re Jimmy Ray SINGLETARY and Darlene June Singletary, Debtors.

In re Michael Anthony TUCKER and Cheryl Dianne Tucker, Debtors.

In re Katherine Joann BLUME, Debtor.

Bankruptcy Nos. 92–00863–9P3, 92–00908–8P3, 92–01221–8P3, 92–01438–8P3, 92–01541–8P3, 92–01956–8P3, 92–02015–8P3, 92–02905–8P3, 92–03011–8P3, 92–03730–9P3, 92–04570–8P3, 92–04791–8P3, 92–05036–8P3, 92–05111–8P3, 92–05285–8P3, 92–05602–9P3, 92–05829–8P3, 92–06341–8P3, 92–06345–8P3 and 92–08584–8P7.

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Nov. 4, 1992.

Alan E. Dubow, Tampa, FL.

Mark D. Jasperson, Debt Relief Legal Center, The Florida Legal Group, Tampa, FL.

Chris C. Larimore, Bradenton, FL, Chapter 13 Trustee.

Gordon L. Kiester, Tampa, FL, Chapter 7 Trustee.

Sarah Kistler, Tampa, FL, Asst. U.S. Trustee.

## ORDER ON MOTIONS FOR IMPOSITION OF SANCTIONS PURSUANT TO BANKRUPTCY RULE 9011

ALEXANDER L. PASKAY, Chief Judge.

THIS IS the latest salvo between Alan E. Dubow (Dubow) and Mark D. Jasperson (Jasperson), president and sole stockholder of a bankruptcy mill euphemistically known as Debt Relief Legal Center of The Florida Legal Group, P.A. (Legal Center). The initial skirmish was started by Dubow who at one time was in charge of litigation in the hundreds of Chapter 13 and Chapter 7 cases filed by the Legal Center. Conducting client conferences was not a part of Dubow's responsibilities except in rare instances.

The war started on May 28, 1992 when Jasperson terminated Dubow's employment with the Legal Center. Shortly thereafter, Dubow went on the attack and filed motions in more than 100 cases seeking a determination of who is the proper representative of the debtor in each case, and turn over of files of clients who decided to hire Dubow to represent them in their case. In each Motion, Dubow stated that he is counsel of record for the Debtors in each particular case. This Court then entered Orders denying the Motions, finding that counsel of record in each case is the Debt Relief Legal Center of the Florida Legal Group, P.A.

Subsequently, Dubow filed in each of these cases a "Suggestion of Contempt and Motion for Sanctions" (sic) against Jasperson based upon Jasperson's alleged refusal to make the client files available to Dubow. In addition, Dubow also sought in his "Suggestion" an Order suspending Jasperson from practice before this Court. The matters were heard in due course and this Court entered Orders denying the Motions For Contempt.

The second round between the parties involves Motions To Impose Sanctions on Dubow filed by Jasperson in each of the twenty cases noted on the caption of this Order, which are the Motions under consideration. In opposition to these Motions, it is alleged by Dubow that in spite of the previous findings of this Court that he was not counsel of record at the time he filed the Motions, he was in fact counsel of record for a few particular clients.

The sanctions sought to be imposed by Jasperson are based on F.R.B.P. 9011. This Rule provides that the signature of an attorney constitutes a certification that the attorney has read the document; that to the best of the attorney's knowledge, information and belief formed after reasonable inquiry, the document is well grounded in fact; that it is warranted by existing law, or a good faith argument exists for the extension, modification or reversal of the existing law; and that it is not interposed for any improper purpose such as to harass, cause unnecessary delay or increase the cost of litigation.

 As noted earlier, it is without dispute that the factual statements set forth by Dubow in his Motions were not true. In addition, Dubow was well aware, or should have been, that admission to practice in the Bankruptcy Court is governed solely by the district judges and not by a single bankruptcy judge. In his defense, Dubow insists that the Motions were filed in good faith and the Court has the discretion not to impose sanctions. Concerning the second proposal first, it is clear that the present rule mandates the imposition of sanctions if the certification rule is violated. Moreover, it is well established that "empty head but pure heart" is no defense. *Thornton v. Wahl*, 787 F.2d 1151 (7th Cir.) *cert. denied*, 479 U.S. 851, 107 S.Ct. 181, 93 L.Ed.2d 116 (1986).

The courts interpreting Fed.R.Civ.Pro. 11, the corresponding Rule governing practice in the District Court, have almost invariably held that the standard which should apply is an objective test and not a subjective test. *Eastway Construction Corp. v. City of New York*, 762 F.2d 243 (2nd Cir.1985) in which case, the Court adopted "the reasonable competent attorney's standard." This was the forerunner of the concept of the objective standard and by the end of 1986, all of the circuits embraced the objective test. *Eavenson Auchmuty & Greenwald v. Holtzman*, 775

F.2d 535 (3rd Cir.1985); *Davis v. Veslan Enter.*, 765 F.2d 494 (5th Cir.1985); *Indianapolis Colts v. Mayor & City Council of Baltimore*, 775 F.2d 177 (7th Cir.1985); *Moore v. City of Des Moines*, 766 F.2d 343 (8th Cir.1985); *Zaldivar v. City of Los Angeles*, 780 F.2d 823 (9th Cir.1986); *Hashemi v. Campaigner Publications, Inc.*, 784 F.2d 1581 (11th Cir.1986); *Confederacion Laborista v. Cerveceria India, Inc.*, 778 F.2d 65 (1st Cir.1985); *Chu v. Griffith*, 771 F.2d 79 (4th Cir.1985); *Westmoreland v. CBS, Inc.*, 770 F.2d 1168 (D.C.Cir.1985); *Albright v. Upjohn Co.*, 788 F.2d 1217 (6th Cir.1986) (objective approach followed without discussion).

 Based on the foregoing, this Court is satisfied that the Motions of Jasperson are well taken for the following reasons. Dubow did violate the Certification Rule by stating in his Motions that he was attorney of record for the Debtors when in fact he was not; and the relief sought in his Motions is not supported by existing law. Therefore, this Court is satisfied that it is appropriate to impose sanctions of $500.00 against Dubow and in favor of Jasperson.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motions To Impose Sanctions filed by Mark D. Jasperson are granted, and the additional requests for relief by Jasperson are without merit and therefore are denied. It is further

ORDERED, ADJUDGED AND DECREED that Alan E. Dubow shall pay the sum of $500.00 to Mark D. Jasperson within 15 days from the date of the entry of this Order.

DONE AND ORDERED.