**LOCAL 1575 INTERNATIONAL LONGSHOREMEN'S ASSOCIATION AFL–CIO, Plaintiff,**

v.

**HORIZON LINES OF PUERTO RICO, INC., et al., Defendants.**

Civil No. 06–2064 (FAB).

United States District Court, D. Puerto Rico.

April 25, 2008.

Arturo Luciano–Delgado, Arturo Luciano Law Office, San Juan, PR, for Plaintiff.

Antonio M. Cuevas–Delgado, Lisabel M. Rodriguez–Espinosa, Cuevas Kuinlam & Bermudez, San Juan, PR, for Defendants.

## OPINION AND ORDER

BESOSA, District Judge.

On October 20, 2006, the International Longshoremen's Association–AFL–CIO, Local 1575[1] ("ILA") filed this complaint against Horizon Lines of Puerto Rico ("Horizon") seeking damages for an alleged breach of the Collective Bargain Agreement ("CBA")in which the parties had entered. Jurisdiction is invoked pur-

1. Local 1575 is a labor organization within the meaning of § 2(5) of the Labor Management Relations Act.

suant to Section 301(a) of the Labor Management Relations Act, 29 U.S.C. § 185(a), 28 U.S.C. § 2201(a), 2202 and Rule 57 of the Rules of Civil Procedure. (Docket No. 1) On October 27, 2006, the ILA filed an Amended Complaint including Maersk Lines ("Maersk") and Oscar Baez d/b/a/ "Oceanic" ("Oceanic") as defendants. It also added a state law claim pursuant to Article 1802 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31 § 5141, against Maersk and Oceanic for tortious interference with the CBA (Docket No. 4).[2]

Horizon and Maersk filed separate Motions to Dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) (Docket Nos. 10 and 20). Plaintiff opposed both motions (Docket Nos. 26 and 27). The defendants filed a reply (Docket No. 30). For the reasons discussed below, **the Court GRANTS defendants' request and DISMISSES the complaint.**

## I. *Factual Background*

On April 15, 2005, the ILA entered into a CBA with Horizon, a corporation authorized to do business in the Commonwealth of Puerto Rico.

As alleged by the ILA in the complaint, the parties agreed that the ILA, as the exclusive representative of the employees employed by Horizon in all ports in Puerto Rico engaged in the loading and unloading of its vessels, was "to carry out all work performed by [Horizon]" regarding "the loading and unloading of cargo and related activities" (Docket No. 4, ¶ 9). ILA further argues that despite the clear provisions of the CBA, Horizon "has retained and engaged the services of Oceanic and others [Maersk] to carry out and perform the duties corresponding to [ILA's] mem-

bers", in violation of Article VIII, Item 41 and Appendix "D", item "G" of the Agreement.[3] *Id.*, ¶ 13.

The ILA alleges that Maersk and Oceanic "have incurred in tortious interference with the [CBA] between Local 1575 and Horizon Lines by procuring, performing, and executing work that was to be assigned by the express terms of the contract to the union." *Id.*, ¶ 15.

### A. *Motion to Dismiss Under Fed. R.Civ.P. 12(b)(6)*

■ Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss an action against it, based solely on the pleadings, because of the plaintiff's "failure to state a claim upon which relief can be granted." In assessing a motion to dismiss, the court accepts "all well-pleaded facts as true," and draws "all reasonable inferences in favor of the [nonmovant]." *Wash. Legal Found. v. Mass. Bar Found.*, 993 F.2d 962, 971 (1st Cir.1993); *see also Coyne v. City of Somerville*, 972 F.2d 440, 442–43 (1st Cir.1992). The court then determines whether the plaintiff has stated a claim under which relief can be granted.

■ "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atl. Corp. v. Twombly*, — U.S. ——, 127 S.Ct. 1955, 1969, 167 L.Ed.2d 929 (2007). To survive a motion to dismiss, a plaintiff must allege facts that demonstrate "a plausible entitlement to relief." *Rodriguez–Ortiz v. Margo Caribe, Inc.*, 490 F.3d 92, 95 (1st Cir.2007) (*quoting Twombly*, 127 S.Ct. at 1967). The First Circuit Court of Appeals has interpreted *Twombly* as sounding the death knell for the oft-quoted

---

**2.** Plaintiff's claims against Oceanic are dismissed for failure to prosecute.

**3.** The ILA asserts that, pursuant to those provisions, Horizon is obligated to recruit four (4) linehandlers, all union members, commencing on October 1, 2006.

language of *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Rodriguez–Ortiz*, 490 F.3d at 94–95. A court must, however, still "treat all allegations in the Complaint as true and draw all reasonable inferences therefrom in favor of the plaintiff." *Rumford Pharmacy, Inc. v. City of East Providence*, 970 F.2d 996, 997 (1st Cir.1992).

### B. *Horizon's Motion to Dismiss*

Horizon contends that plaintiff's complaint involves nothing more than a dispute between the parties over certain provisions of the CBA. The CBA clearly and unambiguously provides that "any controversies arising from the [CBA] shall be entertained in arbitration" (Docket No. 11). Horizon refers the Court's attention to Article XVI of the CBA, which provides the following:

> **Section 1.** *All* disputes between the Union and the Company respecting the interpretation or *implementation* of this Agreement *shall* be resolved in the following matter:
>
> (a) Initially between a Union delegate and an authorized representative of the Company designated for such purposes, or by the Director of Labor Relations upon the submission of a written statement to the Union President, clearly stating the issue(s) to be resolved. If the controversy is not resolved informally within 48 hours (Saturdays, Sundays and holidays excluded) after it is verbally presented to the other side, then either side may submit a grievance in writing to the other party within ten (10) Days from—but excluding—the date that the incident, dispute or controversy is alleged to have occurred. The grievance shall clearly set forth the basic facts and the relevant contractual provisions.
>
> (b) If a satisfactory resolution is not obtained or a written response is not received within five (5) calendar days from the receipt of the grievance, the matter may be submitted by either of the parties to binding arbitration by service of a written notice to arbitrate on the other party. If the parties earlier agree to arbitrate and by-pass the foregoing processes they may so stipulate. In any event, neither the parties nor those whom it represents may engage in any lockouts or stoppages pending the arbitration to finality.
>
> **Section 2.** (a) Any dispute, claim or controversy initiated by the Union or brought on behalf of an individual employee or group of employees will initially be presented by his/their shop steward to the appropriate manager (or other person or department designed by the Company for such purposes). If they do not informally resolve the issues within seven (7) working days of—but excluding—the date of the event, the matter will be discussed between a Union delegate and an authorized Company representative.
>
> (b) If the matter is not resolved or responded to within the ten (10) working days thereafter, the matter may be submitted by either party to a final and binding arbitration by a Committee comprised of two representatives of the Company and two representatives of the Union and a fifth member selected by the four other members. The members of the Committee shall be designated with 72 hours, excluding Saturdays, Sundays and holidays, after delivery of the request to arbitrate. In the event that the fifth member cannot be agreed upon, the four members will petition the Secretary of Labor of Puerto Rico to designate an impartial individual to serve in

such position. The Committee will promptly move to hear the matter and will issue a decision within thirty (30) days after the close of the hearing. The Committee shall have no power to alter, modify or amend this Agreement. All related fees and costs shall be shared equally by the parties. Its decision—or award—shall be final and binding on all parties and persons related to the issues.

(c) If the parties so agree in writing, they may expedite the foregoing procedure by designating a single, mutually acceptable arbitrator to hear and determine the issues of dispute. (Emphasis added)

Horizon also includes a letter that was sent to Mr. Carlos Ortiz, ILA's President, which contained the names of Horizon's selected representatives to the Arbitration Committee, as required by Article XVI of the CBA (Docket No. 10, Exh. 2). This letter, sent to Mr. Ortiz before this complaint was filed, shows "its willingness to arbitrate the dispute." *Id.*, p. 9.

■ It has been long-established that where a collective bargaining agreement provides for a grievance and arbitration procedure, an employee must ordinarily exhaust such procedures before the employee's suit will be heard in court. *Confederacion Laborista de Puerto Rico v. Cerveceria India, Inc.*, 778 F.2d 65 (1st Cir.1985) (*quoting DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 163–64, 103 S.Ct. 2281, 2289–90, 76 L.Ed.2d 476 (1983); *Republic Steel Corp. v. Maddox*, 379 U.S. 650, 652–53, 85 S.Ct. 614, 616–17, 13 L.Ed.2d 580 (1965); *Hayes v. New England Millwork*, 602 F.2d 15, 18 (1979)).

The Supreme Court has admonished that:

"to be consistent with congressional policy in favor of settlement of disputes by the parties through the machinery of arbitration, the judicial inquiry under section 301 must be strictly confined to the question whether the reluctant party did agree to arbitrate the grievance or did agree to give the arbitrator power to make the award he made. An order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. **Doubts should be resolved in favor of coverage.**" *Steelworkers of America v. Warrior & Gulf Nav. Co.*, 363 U.S. 574, 582–83, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960); *see also AT & T Technologies, Inc. v. Commun. Workers*, 475 U.S. 643, 650, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986) (emphasis added)

■ Whether a collective bargaining agreement requires the parties to arbitrate a particular dispute is a matter of contract interpretation entrusted in the first instance to trial court determination. *AT & T Technologies, Inc.*, 475 U.S. at 649, 106 S.Ct. 1415; *Browning Ferris Industries of Puerto Rico, Inc. v. Union De Tronquistas, Local 901*, 29 F.3d 1, 2 (1st Cir.1994). To permit an employee completely to sidestep the available grievance procedures in favor of a lawsuit "would inevitably exert a disruptive influence upon both the negotiation and administration of collective agreements." *Teamsters Local 174 v. Lucas Flour Co.*, 369 U.S. 95, 82 S.Ct. 571, 7 L.Ed.2d 593 (1962).

■ The Supreme Court has recognized certain circumstances under which an employee may obtain judicial review of his or her breach-of-contract claim despite a failure to resort to contractual remedies. The first is when the conduct of the employer amounted to a repudiation of the contractual procedures; the second is when the employee has been prevented from exhausting his or her contractual remedies

by the union's wrongful refusal to process the grievance. *Vaca v. Sipes,* 386 U.S. 171, 184, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967) Another obvious exception to the exhaustion requirement is when the effort to proceed formally with contractual or administrative remedies would be wholly futile. *Glover v. St. Louis–San Francisco R.Co.,* 393 U.S. 324, 330, 89 S.Ct. 548, 21 L.Ed.2d 519 (1969).

■ The ILA's "Amended Opposition to Motion to Dismiss" is full of contradictions. Trying to create an issue where there is none, it argues that there is a disagreement among the parties over "whether a certain issue, the linehandlers' provision, falls within or without of the subject matter coverage of an **undoubted agreement to arbitrate**" [4] (Docket No. 26) (emphasis added). Therefore, the court must determine whether the arbitration clause (to which the ILA consistently refers as a "broad" clause) covers this particular dispute.

The CBA provides in clear and unambiguous terms that "*all* disputes between the Union and the Company", including any controversy that requires an "*interpretation* or *implementation* of [the] Agreement *shall* be resolved in the following matter [making specific reference to the arbitration procedure]." Nothing in the CBA excludes the arbitration of **any** disputes arising from it.

Neither of the exceptions recognized by the Supreme Court in *Vaca* are present here. Nothing in the record shows that Horizon repudiated or in any way frustrated the grievance and arbitration process. Quite the contrary, the letter sent to Mr. Ortiz shows Horizon's willingness to participate in the arbitration procedure provided by the CBA. Under those cir-

cumstances, it is clear that the ILA was obligated to exhaust the grievance and arbitration procedure provided for in the Article XVI of the CBA before attempting to bring any suit in federal court. *Confederacion Laborista de P.R.,* 778 F.2d at 66.

Because plaintiff's claims are based upon an alleged breach of the CBA, the parties are bound by Article XVI which clearly provides for a grievance and arbitration procedure in *all* disputes between the Union and the Company.

Accordingly, the federal claims are **DISMISSED.** ILA must prosecute its grievances in accordance with the procedures established in the CBA.

### C. *Maersk's Motion to Dismiss*

In its Motion to Dismiss, Maersk requests that the Amended Complaint be dismissed against it because "it is axiomatic that a non-signatory is not liable under Section 301, and because the claim under local law [for tortious interference] is clearly preempted by the Labor Management Relations Act" (Docket No. 20).

Plaintiff opposed Maersk's request. Although it acknowledges that Maersk is not a party to the CBA, it asserts that Maersk is an agent of Horizon and therefore it is liable under Section 301 (Docket No. 27, p. 8). As to the alleged preemption of Puerto Rico cause of action, it asserts that a state law claim is preempted by Section 301 **only** if the analysis under state law requires the interpretation of the CBA. If finally states that this is not the case here. *Id.,* p. 12.

Section 301 of the LMRA provides, in its pertinent part, the following:

---

**4.** For example, although it asserts a violation of a collective bargain agreement in its amended complaint, the ILA confusingly asserts now, without further explanation, that

Appendix "D", item "G" is not part of the CBA and that it was "excluded from arbitration."

§ 185. Suits by and against labor organizations

(a) Venue, amount, and citizenship

Suits for violation of contracts between an **employer and a labor organization** representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

(b) Responsibility for acts of agent; entity for purposes of suit; enforcement of money judgments

Any labor organization which represents employees in an industry affecting commerce as defined in this chapter and **any employer** whose activities affect commerce as defined in this chapter shall be bound by the acts of **its agents.** Any such labor organization may sue or be sued as an entity and in behalf of the employees whom it represents in the courts of the United States. Any money judgment against a labor organization in a district court of the United States shall be enforceable only against the organization as an entity and against its assets, **and shall not be enforceable against any individual member or his assets.** 29 U.S.C.A. § 185(a) and (b) (emphasis added)

■ As this section clearly states, "only parties to the collective bargaining agreement can be brought into suits premised upon Section 301 of the LMRA." *Allied Mechanical Contractors, Inc. v. Industrial Relations Council for Plumbing,* 685 F.Supp. 552, 565 (W.D.N.C.1988) (*Citing Sine v. Local No. 992, Int'l Bhd. of Teamsters,* 730 F.2d 964, 966 (4th Cir.1984); *Fox v. Mitchell Transp., Inc.,* 506 F.Supp. 1346, 1349 (D.Md.1981)). Thus, section 185 provides no cause of action against

entities which are not parties to a collective bargaining agreement. *Id. See also Fabian v. Freight Drivers and Helpers Local No. 557,* 448 F.Supp. 835, 838 (D.C.Md.1978) (Suit under this section may only be brought against those who are parties to the contract in issue).

■ Because Maersk is not a party to the CBA, it cannot be held accountable under section 301. Plaintiff asserts that it still can pursue its claims against Maersk under section 301, however, because Maersk is an agent of Horizon. Even assuming *arguendo* that Maersk is an agent of Horizon, plaintiff's claims against it must be dismissed as a matter of law because the agency language in the law allows, by it own terms, a cause of action against **the employer** for the acts of the agent. It does not permit a cause of action against the agent itself. In other words, the purpose of the law is to bound the employers by the acts of their agents, not to assert liability on the alleged agent. *See e.g. Atkinson v. Sinclair Refining Co.,* 370 U.S. 238, 82 S.Ct. 1318, 8 L.Ed.2d 462 (1962); *Loss v. Blankenship,* 673 F.2d 942, 947 (7th Cir.1982) ("Where the plaintiffs allege wrong-doing by an agent of the employer, § 301(b) of the LMRA, 29 U.S.C. § 185(b), provides that the employer will be held liable.") Thus, the issue is also covered by the arbitration clause of the CBA and shall be dismissed.

D. *The ILA's state law claims*

■ Because no federal claims to ground jurisdiction remain in this case, the ILA's supplemental state law claims are dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3). *Confederacion Laborista de Puerto Rico v. Cerveceria India, Inc.,* 607 F.Supp. 1077, 1081 (D.P.R. 1985); *Claudio–Gotay v. Becton Dickinson Caribe, Ltd.,* 375 F.3d 99, 104 (1st Cir. 2004) (It is well settled that a district court

may decline to exercise supplemental jurisdiction when all federal claims have been dismissed.)

## CONCLUSION

For the foregoing reasons, Horizon's and Maersk's motions to dismiss (Docket Nos. 10 and 20) are **GRANTED.** Plaintiff's claims pursuant to federal law are **DISMISSED** without prejudice of being pursued in arbitration. Plaintiff's state law claims are **DISMISSED WITHOUT PREJUDICE.** Judgment shall enter accordingly.

**IT IS SO ORDERED.**